FAY'S ADMINISTRATORS *vs.* RICHARDS & HAYWOOD.

In an action upon a *promissory note* given in pursuance of a *covenant*, the maker cannot impeach the consideration, the covenant being a good and sufficient consideration ; but if within the equity of the statute allowing the consideration of a *sealed instrument* to be inquired into, the maker cannot avail himself of the defence, unless he has pleaded it or given notice thereof.
Where a party obtains what he contracted for, he cannot avoid his contract on the ground that what he received is *valueless,* unless he shows *fraud* or a *misapprehension* in respect to the subject matter of the contract.

THIS was an action of *assumpsit,* tried at the Oneida circuit in October, 1836, before the Hon. HIRAM DENIO, then one of the circuit judges.

The action was on a promissory note dated February 2, 1833, by which the defendants promised to pay the intestate $150, in three instalments, with interest from December 22, 1832. The defence was that the note was without consideration. On the 22d December, 1832, *Lyman* and *Clark Richards* of the one part, and *Jonas Fay,* the intestate, of the other part, entered into sealed articles of agreemen', by which L. and C. Richards agreed to pay Fay $150 in three instalments, with interest, and *to give satisfactory security* for the performance ; and thereupon Fay agreed to *release* to L. and C. Richards *all his interest* in and to lot No 40, in the north west part of the Oneida reservation, *being* a contract from John Knowles to deliver Fay the original certificate for the lot. [The lot had been purchased by Knowles from the state, and he had received a certificate of the purchase, entitling *him* to a conveyance on paying the balance of the purchase money.] It was unequivocally understood (the contract stated) that C. and R. Richards made the purchase subject to all the demands *the state* had against the lot for the purchase money, back interest, taxes, and for draining the swamp. On the 2d February, 1833, C. Richards, in pursuance of the contract, made the note in question, with Haywood as his surety. The defendants offered to prove that on the 11th Decem-

Fay's adm'rs v. Richards.

ber, 1832, *eleven days* before making the contract to pur-
chase from Fay, the lot was conveyed by the comptroller to
the people of this state, the same having previously been sold
for taxes, and not having been redeemed. The defendants
further offered to prove, that on the 30th April, 1833, the lot
was sold by the surveyor general pursuant to law, and a cer-
tificate of sale given to the purchaser. The circuit judge
excluded the evi·lence offered, the defendants excepted, and
the jury found a verdict for the plaintiffs. The defendants
moved for a new trial.

*J. A. Spencer,* for defendants.

*C. P. Kirtland,* for plaintiffs.

*By the Court,* BRONSON, J. The note was made in pur-
suance of the covenant to give security. This was a good
consideration, and the defendants can make no question as to
the *consideration,* without going back to the sealed contract,
and impeaching the consideration upon which that was
founded. This they could not do at the common law, and
the statute only extends to two cases : first, where there is an
" action upon a sealed instrument," and second, " where a
set-off is founded upon any sealed instrument." 2 R. S. 406,
§ 77. This case is not within the letter of the statute ; it is
not an " action upon a sealed instrument." It may, however,
come within the equity of the statute ; but then the difficulty
is, that the defendants have not pleaded or given notice of
this defence ; and without doing so, the statute declares that
the defence " shall not be made." § 78. I do not see how
this difficulty can be got over.

But had the evidence been received, it would not have
made out a defence. The fact that the lot had been sold
by the surveyor general *after* the making of the contract
and the giving of the note, is of no importance; it has no
tendency to prove that the note was without consideration
at the time it was made. Then how does the case stand ?
*Knowles* had purchased the lot and taken a certificate from
the state, which he had agreed to transfer to Fay. Fay agreed

to release all .his interest in the lot—specifying what that interest was—to C. and L. Richards ; and for such release, they agreed to pay the money in question. There was no fraud ; not even an offer to show that either or both of the parties contracted under a. misapprehension in relation to the true state of the title. For aught that appears, C. and L. Richards knew at the time that the land had been sold for taxes, and that the comptroller had a few days before conveyed to the state. They may have been willing to pay $150 for the original certificate of sale to Knowles, in the hope that the state would relinquish its title under the tax sale, on payment of the arrearages and interest. Favors of this kind have been granted by the. state to the owners of land sold for taxes. I do not see how the consideration can be impeached without showing fraud on the part of Fay, or at least, that C. and L. Richards supposed they were purchasing something which they did not acquire.

New trial denied.