## JOHNSON v. HANSON.

| 6 | 351 |
| 96 | 523 |

1. Upon a verbal contract for the sale of land, the vendor cannot maintain an action at law for the purchase money, although the vendee has paid a part of the price, and retains the possession of the land.

ERROR to the Circuit Court of Shelby county.

Assumpsit by the plaintiff, against the defendant in error.

The two first counts of the declaration, set out a sale of land by the plaintiff to the defendant, at the price of eight hundred dollars, to be paid, one half on the first of January, 1839, and the remainder on the 1st January, 1840—that the defendant went into peaceable possession of the premises, and has hitherto retained it, and that the defendant has paid three hundred dollars, part of the purchase money—that the plaintiff is able and willing, and ready to make title according to his contract, upon the payment by the defendant, of the purchase money, and concludes with the usual *super se assumpsit*.

The defendant demurred to these counts of the declaration, and judgment being rendered on the demurrer for the defendant, and the plaintiff declining to plead over, judgment was rendered against him.

The judgment of the court on the demurrer, is assigned for error.

BOWDON, for plaintiff in error, cited 4 Ala. Rep. 362; 13 Johns. 359; 14 id. 452; 2 Story's Equity, 62, 75; 3 Stewart, 207; 8 East, 308; 6 id. 602; 9 Mass. 510; 15 id. 85; 1 Vesey, 333; 2 Day, 222; 1 Binn. 450; 1 H. & M. 377; 4 id. 161.

MORRIS, *contra*, cited 1 S. & L. 123; 2 Johns. 223; 2 Story's Equity, 108.

ORMOND, J.—It is not, in general, necessary to allege in a declaration, a written promise, where the necessity for the promise being in writing, is created by statute, as it is matter of evidence to be proved at the trial. But in this case, it is expressly

alleged that the contract for the sale of the land, which was the consideration of the promise laid in the declaration, was merely verbal, and the precise question is, whether an action can be maintained at law, to recover the purchase money of land, there being no note or memorandum thereof in writing, because the vendee retains the possession.

A court of chancery acting on its own peculiar rules, will, in certain cases, for the prevention of fraud, enforce a specific performance of a verbal contract for the sale of land; as where there has been a part performance of the contract, but we are not aware that such a power has ever been acknowledged to reside in a court of law. Doubtless some isolated cases may be found, in which it has been held that the equitable circumstances which would authorise a court of chancery to grant relief, might be considered in a court of law.

Lord Redesdale remarks, "Mr Justice Buller says, in one or two cases, that past performance will take a case out of the statute, as well at law as in equity. This opinion will be found wrong; and I recollect Mr Justice Buller, on being pressed with the consequences of that opinion, in case of a demurrer to evidence, being obliged to abandon the position. The ground on which a court of equity goes in cases of part performance, is that sort of fraud which is cognizable in equity only." [O'Herliky v. Hedges, 1 S. & L. 130.]

So this court, in the case of Meredith v. Naish, [3 Stew't, 207,] intimated an opinion, that in a case circumstanced like the present, the vendor could recover. But these cases appear not to have been well considered; at least it is clear, the decisive current of authority is the other way.

In White v. Beard, [5 Porter, 100,] although this question was not distinctly presented, this court intimated an opinion, that the equitable right of the vendor acquired by part performance, was not a legal consideration for a note given for the purchase money after such performance. To the same effect is Howard v. Easton, [7 Johns. 205,] to which many other cases might be added.

The recent decision of Cope v. Williams, [4 Ala. 364,] has been pressed on the court, as tending to a contrary conclusion. In that case, the vendee in possession, brought an action to recover back the purchase money. This court held, that it was contra-

ry to equity and good conscience, to permit him to assert the invalidity of a contract, by virtue of which he retained the possession of the land; the vendor being willing to execute the contract.

The difference between that case and the present is, that here the vendee repudiates the contract, and if he retains the possession of the land, it is not by force of the contract, which at law can confer no rights on either party, but because the vendor chooses to acquiesce in it.

Whatever may be the rights of these parties in a court of equity, it is certain no right can be derived by either in a court of law, from a contract declared void by statute.

Let the judgment be affirmed.