## RHODES' ADMINISTRATORS v. STORR.

1. When notes are given by a purchaser for the price of land, agreed to be sold by verbal contract only, their payment cannot be avoided, on the ground that the contract is void by the statute of frauds. It is an executed contract so far as the purchaser is concerned, and if the vendor is willing and able to perform the verbal contract, the notes cannot be for this cause avoided.

Writ of error to the Circuit Court of Butler.

Assumpsit by Rhodes against Storr, on a promissory note made by the latter to one Skanes and by him indorsed to Rhodes. The defendant pleaded, 1. Non-assumpsit. 2. Fraud. 3. The statute of frauds and perjuries. 4. That the promissory note was given on, and in consideration of, a parol contract for land. These pleas are said to be pleaded in short, by consent, and a demurrer is interposed in the same manner. What judgment, if any, was given on this demurrer, does not appear. The cause was tried before a jury, and there was a verdict for the defendant, upon which judgment was given. At the trial,

the plaintiffs produced the note and rested.    The defend-
ant then put in evidence, tending to show that the note
was given in consideration, and for the price, of certain land
sold to him by Skanes; the contract of sale was not in writing,
but was verbal only.    The plaintiffs then produced evidence
tending to show that the sale was made in 1839; that on the
premises there was a grist mill, the use of which was of con-
siderable value; that the defendant entered into the possession
of the premises, under the contract of sale, and remained there-
in until August, 1843, without any hinderance, or disturbance
from the vendor, or any other person.  After the commence-
ment of the suit, the vendor and the defendant together, went
to a justice of the peace to have a deed drawn and executed,
according to the contract: the deed was drawn at the request
of the parties, and in accordance with their mutual direction;
the vendor offered to sign and seal it, but the defendant refused
to accept it, for the reason that one of the necessary title pa-
pers, (a deed from a former owner,) was not produced; the
defendant then offered to rescind the trade and abandon the
possession.    It was also in proof, that the defendant had paid
the vendor about seven hundred dollars of the purchase price,
and that the government patents were by him long since deliv-
ered to the defendant, by whom they were then returned; that
the defendant, at the time of his rescission, required the vendor to
produce a certain deed to a portion of the premises, which deed
was then lost and could not be produced.    There was proof
also, tending to show, that the vendor had a good title, and long
before had offered to make title to the defendant, who request-
ed him not to do so at that time, because he had a lawsuit,
pending against him, in which, if judgment passed, he never
intended to pay, and therefore did not desire the title to be de-
livered to him.    There was no proof that the defendant offer-
ed to pay any thing for the use of the premises.

On this state of proof, the plaintiffs requested the Court to
charge, that, if they found the proof as before stated, they were
entitled to recover.    This was refused, and the jury was in-
structed that the contract was void, within the statute of frauds,
and they ought to find accordingly, if they should determine
the facts to be true; and that the note was given on a sale of
land, for which there was no note or memorandum in writing,

signed by the parties, to the sale. The plaintiffs excepted, and this charge is assigned as error, as is also the matter that the demurrers to the pleas were overruled, if such is the intendment to be drawn from the record.

Cook and F. J. Judge, for the plaintiff in error, cited Cullum v. The Bank, 4 Ala. Rep. 21; Cope v. Williams, Ib. 362; Meredith v. Naish, 3 Stewart, 207.

G. W. Gayle and Watts, contra, cited Allen v. Barker, 2 Stewart, 21; Johnson v. Hanson, 6 Ala. Rep. 351; Cummings' heirs v. Gill's heirs, Ib. 562.

GOLDTHWAITE, J.—On the facts presented by the bill of exceptions, this case is, in principle, essentially the same as Cope v. Williams, 4 Ala. Rep. 362. Indeed the only distinction between them is, that there the defendant had possession of the lands, when here it was abandoned pending the suit. The statute of frauds, however, has no bearing on this case, as the action is not upon any contract in relation to the sale of lands. The contracts which the statute operates on, are those which are unexecuted, and in which the action has to be on the contract itself. ( Such was the case of Johnson v. Hanson, 6 Ala. Rep. 351, where the action was to recover a portion of the money due on the contract, which, being evidenced by no note in writing, we held that the plaintiff was not entitled to recover. Similar to this, would have been Meredith v. Naish, 3 Stewart, 207, if the facts disclosed had not withdrawn it from the influence of the statute. Here the contract is executed, so far as the purchaser is concerned, by his having given his notes for the price agreed on. It is true, the contract is unexecuted on the part of the vendor, but this does not affect the other party, nor authorize him to avoid the notes he has given, because he has omitted to bind the vendor. If, when called on, according to the express, or implied terms of the contract, to execute the necessary titles, the vendor had refused, the notes might, probably, have been avoided, in consequence of the failure of the consideration for which they were given; but there is no pretence to avoid them, so long as the vendor was willing, and able, to perform every thing which, in good conscience, he was bound to do.

Judgment reversed and the cause remanded.