## GILLESPIE ET AL. V. BATTLE.

1. A vendee of land, under a parol contract, who has given his note for the purchase money, and been let into possession, cannot avoid its payment, on the ground, that the contract is void by the statute of frauds.

2. By the statute of frauds, a parol contract, for the sale of land, is voidable merely, not absolutely void.

3. A vendee of land, who takes and retains possession, under a parol contract of purchase, cannot defeat a recovery on his note, given for the purchase money, on the ground of want or failure of consideration, it not appearing, that the vendor has failed or refused to comply with his contract.

4. Where there is no conflict in the testimony, it is not error in the primary court, to charge the jury, that under the proofs, the defence set up is, or is not sustained.

5. If a defendant has had the benefit of his defence, under the general issue, this court will not reverse the cause, because the court below may have erred, in sustaining a demurrer to a special plea, setting up the same defence.

6. Although the admission of a vendor of land, that he has no title, may furnish a good ground for abandoning the possession and rescinding the contract, yet *the retention* of possession by the vendee, no fraud being shown, estops him from insisting, that the contract is a nullity, and that the note given by him for the purchase money is without consideration.

7. A proposition for a mutual rescission of a contract, assumes its validity, and the proposition being rejected, the parties stand where they did before.

Error to the County Court of Pickens. Before the Hon. Samuel A. Gilkey, Judge.

THIS was an action on a promissory note, by defendant, against plaintiffs in error. Pleas—1. Non-assumpsit. 2.

Gillespie et al. v. Battle.

Fraud. 3. The statute of frauds. 4. Want of consideration. 5. That note was given for land, and that defendant in error promised at the time it was given, to execute a bond for titles, which he has failed to do. The defendant in error took issue on the first and fourth pleas, and demurred to each of the others, and the court sustained his demurrer. A bill of exceptions was sealed at the trial, from which it appears, that the note sued on was given for a tract of land, *virtually* sold, on the day of its date, by defendant to plaintiffs in error, the possession of which the latter took immediately after the sale, and have continued to hold up to the present time : and that some nine or ten months after the maturity of the note, in a conversation between the defendant and Gillespie, one of the plaintiffs, the defendant admitted that he had no title to the land, and that he had shown the land to one Whitehead, with a view of selling it to him, whereupon Gillespie offered to give up the land to defendant upon the surrender of his note, which offer defendant rejected, and stated that he should hold him to his contract. These are all the facts of the case.

In the course of the trial, the plaintiffs offered to prove by a witness, that at the time the note was given, they refused to sign it, unless the defendant would at the same time execute to them a bond for titles, or sign some memorandum of the purchase, and that defendant assured them that a bond should be made and delivered to them in a few days. The court rejected the evidence.

The court charged the jury, "that the defence set up of the statute of frauds was not sustained : that the note upon which the action is founded is a sufficient memorandum to bind the contract on the part of the defendants, and hence that they could not resist the recovery for want of a memorandum of the contract, signed by the plaintiff." Two charges were asked by the plaintiffs in error, affirming in substance the insufficiency of the contract, under the statute of frauds, to authorize a recovery, and a third charge to the effect that if they believed the facts detailed above, the contract was not supported by a sufficient consideration to authorize a recovery; all of which charges the court refused to give.

Gillespie et al. v. Battle.

To the several rulings of the court, to the charge, and to the refusal to charge as asked, the plaintiffs excepted, and now assign them as error.

P. & J. L. MARTIN, for plaintiffs in error.

1. The demurrer to the third, fourth, and sixth pleas of the plaintiffs in error, was improperly sustained—the fourth being the statute of frauds.

2. The rejection of the testimony offered by the plaintiffs in error, as shown by the bill of exceptions. This testimony should have been admitted under the issues in the case.

3. The note upon which this action is founded, was given to secure part of the purchase money for a tract of land, and is the only written evidence of the contract; this is not a sufficient memorandum to take the case out of the statute of frauds. The court below charged that it was, as is shown by the bill of exceptions. To sustain the ground here stated, see Bates v. Terrell, 7 Ala. R. 129. This case is expressly overruled by the charge of the court below, as the bill of exceptions shows. It is however fully sustained by the cases in 6 Ala. R. 351; 4 Ib. 362; 7 Ib. 814; 7 Ib. 170; and is considered the settled doctrine of this court. The case of Rhodes v. Storr, 7 Ala. R. 346, is not recognized as authority further than the result—the reasoning, and grounds stated, are not considered correct.

4. The refusal to charge as requested, in regard to the want or failure of consideration, and the charge given, are relied on. In each the court below erred.

E. W. PECK, contra, refers the court to the following authorities: Rhodes, adm'r, v. Storr, 7 Ala. Rep. 347, 348; Worthington, adm'r, v. McRoberts and Porter, Ib. 814, 816; Johnson v. Hanson, 6 Ib. 351, 352; Cope v. Williams, 4 Ib. 362; Howard v. Easton, 7 Johns. Rep. 205, 206; Dowdel v. Camp, 12 Ib. 451.

Sheriff sales and judicial sales, and sales at auction, are within the statute of frauds. Jackson v. Catlin, 2 Johns. R. 259; Ennis v. Waller, 3 Blackf. 472; Hutcheson v. Moses, 3 Dana, 229.

In this case, the sale was made by the defendant as administrator.

The plaintiff in error not having rescinded the contract by abandoning the possession—nor put the defendant in error in default by offering to pay the money and demanding a title, cannot resist the payment of the note—by refusing to put an end to the contract, he is to be held as affirming the contract, and must consequently be bound to pay the money.

CHILTON, J.—The main question in this case is, whether the plaintiff in error can defend against a promissory note given in part pay for a tract of land, upon the ground that there was no note or memorandum of the sale executed as required by the statute of frauds. It appears that the contract for the sale of the land was by parol; that the purchaser took possession of the premises under the contract, and still retains it, and the only writing which passed between them is the note now in suit, which was given for a part of the purchase money.

The note is made payable to " Alfred Battle, Adm'r," &c., but it does not otherwise appear that it was not given to him in his individual right.

Our statute of frauds declares, that no action shall be brought whereby to charge any person upon any contract for the sale of the lands, tenements, or hereditaments, unless some note or memorandum of such contract shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized.— Clay's Dig. 254, § 1.

It is conceded, that if the plaintiff below had instituted his suit upon this contract, which, as we have stated, was verbal only, that the case would come within the statute. But it is insisted that this action is not brought upon a contract for the sale of land. That the plaintiff relies for his recovery upon the written promise of the defendant to pay him so much money, and that the defendant, having received the land, and enjoyed the rents and profits, should not be allowed to set up the statute in bar of a recovery, especially as the plaintiff has never refused to convey, according to his parol undertaking.

To sustain this position, the counsel has referred to several decisions of this court, and as there is an apparent conflict, at least in the reasoning of two of them employed by the judges in delivering the opinions, we propose to examine them with some particularity. It is of the last importance, that decisions of the court, under which rights may be presumed to have vested, and on which parties rely in their business transactions. as securing to them remedies, should be stable and unshaken, and they should never be disturbed unless some overruling necessity requires a departure from them.

But to our decisions. In Cope v. Williams, 4 Ala. Rep. 362, it was held, that a purchaser of land under a parol contract, who had paid a portion of the purchase money, and retained the possession, could not, pending his uninterrupted possession, maintain an action against the vendor to recover back the money which he had paid. It was said by the Chief Justice, in delivering the opinion, that "morality forbids the idea, that one man should take possession of another man's property, under a contract, which at most is *merely void*, and notwithstanding its continuous enjoyment, refuse to make for it any remuneration." It also appeared in that case, that the vendor had never refused to comply with his contract, and some stress was laid upon this fact, to show that the claim of the plaintiff was against equity and good conscience.

The next case was Johnson v. Hasnon, 6 Ala. Rep. 351, which was an action by the vendor against the purchaser of land under a parol contract, and who had taken and retained the possession, and paid a portion of the purchase money, to recover the balance due for the land; the plaintiff averring willingness and readiness to perform the contract on his part. It was held the plaintiff could not recover, because of the statute of frauds, and it was said that the difference between that case and Cope v. Williams was this, that in Johnson v. Hanson, the vendee had repudiated the contract, and although he retained the possession of the land, it was not by force of the contract, but by permission of the opposite party.

This case was followed by Bates v. Terrell, 7 Ala. R. 129, in which it was held, that if the vendor's contract is void by the statute of frauds, the vendee may avoid the payment of

the money agreed to be paid, although he has given his promissory note for the amount. The C. J. in delivering the opinion, remarks, that a contract for the sale of land, and which is not evidenced by writing, is merely void, the performance of which the vendor cannot enforce ; or even recover damages for its breach, and that the retention of possession in such cases cannot estop him ; for the reason that there is no valid contract to cause such an act to operate. It is also further said, that the taking a promissory note can make no difference, and will not place the vendor in a more favorable position.

It is proper to remark here, that there were other points involved in the case last referred to, upon which it necessarily turned. This point, though raised by the record, was not necessary to a determination of the cause, inasmuch as a bond for title had been executed, and improperly excluded by the court below. It may be that this point therefore received but a casual examination.

In the subsequent case of Rhodes' Adm'r v. Storr, 7 Ala. 346, it was held, that the vendee could not avoid the payment of a note given upon a parol purchase of land, on the ground that the contract was void by the statute of frauds. This decision proceeds upon the ground, that the contract is executed, so far as the defendant is concerned, and that so long as the vendor was able and willing to perform every thing which in good conscience he was bound to do, the vendee could not be heard to complain, as he had never put the vendor in default by a demand for title. This case affirms the doctrine of Meredith v. Nash, 3 Stew. Rep. 207, and is referred to without disapprobation in Worthington, adm'r, v. Porter & McRoberts, 7 Ala. 814, which is the last decision upon the subject.

From these several decisions it would seem very clearly to follow, that where the action is brought to recover upon the parol contract, it cannot be sustained, even though there has been a partial execution of it ; for in such case the statute is directly involved, and it declares the action not maintainable. But as the cases of Bates v. Terrell and Rhodes v. Storr, seem to indicate a different rule in respect to cases situated

like the present, and we are called upon to adopt the principle settled by the one or the other, we will briefly state our reasons for giving our preference to the conclusions attained in the last named opinion.

The statute of frauds does not render a contract absolutely void, but voidable merely. It was enacted for the benefit of defendants. 3 Monroe's Rep. 170; 2 J. J. Mar. 563; Clay's heirs v. Marshal's heirs, 5 B. Monroe, 272; see also, Patterson et al. v. Ware, 10 Ala. 444; Ib. 400.

It has introduced no alteration in the mode of pleading, either at law or in equity. It only applies to, and affects the evidence necessary to support the contract, requiring written evidence, whereas, by the common law, parol proof sufficed. This is a well settled and familiar principle. 4 Litt. R. 341; 2 J. J. Mar. 548.

Keeping in view these principles, a brief reference to the mode of proceeding upon this contract, will aid us in ascertaining the true character of the defence set up. The plaintiff declares upon the note, which is an unconditional written promise by the defendant, to pay him so much money at a stated time, and this note imports a consideration. After reading this to the jury he closes his case. The defendant says, the plaintiff ought not to recover, because the note was given *in consideration* of a parol promise made by the plaintiff, to convey to him a certain tract of land, and that inasmuch as the law gives him no remedy to enforce that parol promise, it cannot be said in a legal sense to have any value; therefore his undertaking, as evidenced by the note, is without consideration, and the plaintiff should not recover. It would seem to result from this mode of procedure, that the statute, when set up as a defence to an action upon the note, affects the consideration only, and not the contract otherwise. This point was expressly decided in Edelin v. Clarkson's executors, 3 B. Monroe's Rep. 31. In that case the court held, that a plea averring " the note sued on was given in consideration of a sale of land, not evidenced by writing," was not a plea setting up the statute of frauds, but was a plea of the want, or failure of consideration. To hold in such cases, that the statute applies to the contract declared on, so as to render it inoperative, irrespective of the consideration, would

involve us in the dilemma of avoiding the note for the pur-
chase money, even though the plaintiff, after receiving the
note, had gone on and fully complied with, and executed
his contract, by delivering a deed for the land.   No one, I
apprehend would contend, that in such case the plaintiff could
not recover upon the note.   But would it not be a solecism
to hold, that the action was obnoxious to the statute of frauds,
since the plaintiff declared *upon a note in writing, evidenc-
ing the terms of the contract, and signed by the party to be
charged thereby.*

This view of the case disposes of the plea of the statute of
frauds, as a bar to the action, and we proceed to consider the
effect of the statute, as applicable to the consideration of the
note.

It appears there has been a part performance of the parol
contract on the part of the plaintiff below, in that he deliver-
ed to Gillespie the possession of the land under the contract,
whic h possession has been retained by him ever since.   Now
although at law, part performance of a parol contract for the
sale of land will not take the contract without the statute, in
equity it does.   And it is very clear in this case, that if Gil-
lespie had paid the purchase money and taken possession un-
der the contract, equity would not permit the vendor to turn
him into a trespasser upon the land, but would specifically
execute the contract.   2 Story's Eq. Juris. § 761-2-3.

It cannot be said then, that the consideration has wholly
failed, since the defendant has derived, and continues to en-
joy, an essential benefit, conferred by the contract, and since
the plaintiff has placed himself in a condition which enables
the defendant, upon payment of the purchase money, to en-
force a specific execution of the agreement in a court of equi-
ty.   The plaintiff has parted with the possession of his land,
which is a detriment to him, trusting for his compensation to
the note he has received.   To hold that this detriment to
the promisee, and benefit to the promissor, does not constitute
a good consideration to support a promise, would violate the
plainest principles of law.   5 Cranch, 142; 2 Peters, 182;
15 Ib. 290.

But I would inquire, how is it that the consideration can
be said to have failed, when the defendant has received and

holds, without molestation, all that he contracted for? The plaintiff has never refused to give him the proper written evidence of the contract. He has never demanded it, and has never put the plaintiff in default. I confess then, that I cannot conceive how any court of justice should permit him to cleave to all the benefits of the contract, and at the same time make his own violation of it, the ground for withholding the purchase money. If such construction of the statute be allowed, then indeed was it rightly yclept " the statute of *frauds*," albeit, not for their prevention, but the contrary.

The consideration of the note is the possession of the land coupled with a parol contract for the conveyance of title in future. The defendant has, as I have said, the possession, and the contract to convey remains unimpaired by any act of the plaintiff. The agreement is lawful, and each party claims the benefit of it—the plaintiff by demanding the purchase money, the defendant by holding on to the land. Under such circumstances, to hold that the contract constitutes no consideration for the note, would be virtually to hold the parties incompetent to contract. See 21 Wend. 626. I will not undertake now to decide, what would be my opinion in regard to the defence, had the defendant never taken possession of the land, or had he abandoned the possession upon the refusal of the plaintiff to comply with the stipulations of the contract on his part. I desire to limit my opinion to the law as applicable to the facts of this case. The propriety of this becomes the more obvious, as the Chief Justice does not sit in the cause.

The views which I have expressed above, are conclusive of the case, and although I may be in error, I have the consolation to believe, that they are not only sustained by reason, but by the decision of this court in Rhodes v. Storr, *supra;* and substantially by Lord Ellenborough, in Crosby v. Wadsworth, 6 East, 602. See also, Sims v. Hutchins, 8 Sm. & Mar. Rep. 328; 6 Verm. Rep. 69; Ib. 383; Edlin v. Clarkson, 3 B. Monroe's Rep. 31; 13 Johns. Rep. 359; Cope v. Williams, *supra;* 4 Dal. 152; 1 Binn. 450, 378; 2 Rawle, 53; 5 Litt. 94; 7 Watts, 530. Wherever the purchaser has executed the contract on his part, he shall not be allowed, so long as he retains the possession of the land, under the con-

tract, and the vendor is in no default, to treat it as a nullity ; and as it constitutes a consideration for money paid by him to the vendor, so it is a sufficient consideration to support an action upon the note against him.

The whole proof is set out in the record. There is no conflict in the testimony, and the established rule in such case allows the court to charge the law as applicable to the facts, without hypothesis. He might well have charged, as he substantially did, that under the whole proof the defence was not sustained.

No injury then could possibly have resulted to the defendant from the charges, and it becomes unnecessary for me to go into a particular examination of them.

In regard to the several pleas to which demurrers were sustained, it is only necessary to remark, the defendant had all the benefit of them under the general issue, and not having been injured, he cannot complain.

That Battle admitted he had no title at one time, and that he proposed to sell at another to a different person, cannot relieve the defendant from liability. We must presume the defendant knew the state of his title when he contracted with him, as no fraud is shown ; at most, this admission and conduct of Battle would have furnished the defendant grounds for abandoning the possession, and rescinding the contract, but this he would not do, and retaining the possession, he is estopped from saying the contract is a nullity, and constitutes no consideration for the note. The same reasoning is equally fatal to all benefit which could possibly have accrued from the admission of the testimony of Hardwicke.

Neither is the defendant benefitted by his proposal to deliver up the land upon the condition that the plaintiff would surrender to him the notes. This proposition for a mutual rescission, assumes the validity of the contract proposed to be rescinded, and being rejected by the plaintiff, the parties remained precisely where they were.

I have examined all the points made in the case, with care, and the main point at greater length than I should have done, but for the fact that the decisions bearing upon the case, appear not altogether to harmonize. I feel constrained according to my view of the law, to pronounce that there

is no error in the record, and the judgment is consequently affirmed.

COLLIER, C. J., not sitting.