[Flinn v. Barber.]

# Flinn *v.* Barber.

| 64 | 193 |
| 96 | 525 |

*Action for Money Paid as part Purchase-Money of Land.*

1. *Vendor's lien on land; right of widow of deceased purchaser to possession and dower.*—When a vendor of lands has executed a conveyance to the purchaser, and put him in possession, although he has a right to subject them, in equity, to the payment of the purchase-money, he has no estate in the lands; and until his lien is enforced by the decree of a court of equity, the widow of the deceased purchaser is entitled to dower in the lands, and to retain the possession, taking the rents and profits in her own right.

2. *Verbal agreement for sale of lands; right of purchaser to recover back money paid.*—The weight of authority, English and American, confines the right of a purchaser of lands, under a verbal agreement, to recover back the money which he has paid, to cases in which the vendor is unable or refuses to complete the contract; but the decisions of this court, from an early day, do not so limit the right, when the purchaser has not been let into possession.

3. *Same.*—These decisions were made under the former statute of frauds (Clay's Digest, 254, § 1), which did not declare such verbal agreements void, but only prohibited an action on them; while the present statute (Code, § 2121) declares them absolutely void, and therefore incapable of conferring any right; and being void, the purchaser may, of course, recover back the money which he has paid, while the contract remains executory.

4. *When purchaser may recover money paid, on account of defective title.*—In the absence of a stipulation to the contrary, the parties to a contract for the sale of land are presumed to contract with reference to an indefeasible estate in fee simple; and if the vendor in fact had no title, the purchaser may, so long as the contract is executory, whether it was verbal or written, repudiate it altogether, and recover back the money paid under it.

5. *Interest; when recoverable.*—When a purchaser can maintain an action to recover back money paid under the contract, he is also entitled to recover interest on it, which is but a legal incident of the debt, without proof of a demand.

6. *Relevancy of evidence; in such action by purchaser.*—When a purchaser sues to recover back money paid under a void contract for the sale of lands, whether he has repaid the money, which he borrowed from a third person for the purpose of making the payment, and whether he was able to make the subsequent payments as they became due, are irrelevant and immaterial questions.

7. *Impeaching witness.*—A witness can not be examined as to matters which are irrelevant, or collateral to the issue, in order to lay a predicate to contradict and impeach him.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. Q. SMITH.

This action was brought by Mrs. M. L. Barber, the wife of John Barber, against Bunbury Flinn, and was commenced on the 4th January, 1876. The complaint contained only the common counts for money had and received, and money paid by plaintiff at defendant's instance and request. The defendant pleaded the general issue, in short by consent, and

(13)

[Flinn v. Barber.]

issue was joined on that plea. The money sued for, $1,000, was paid by the plaintiff to the defendant on the 10th January, 1870; and for the plaintiff it was contended, that this money was paid under a contract for the sale of a certain tract of land, of which the plaintiff was in possession at the time, and that the contract or agreement was void, under the statute of frauds, because not reduced to writing; and was also voidable, at plaintiff's election, because the defendant did not have any legal title to the land, having previously sold and conveyed it to Watson Flinn, since deceased, who was his son, and who was at that time the husband of the plaintiff; while the defendant contended that the money was paid by the plaintiff, with full knowledge of the facts, on account of the purchase-money due from said Watson Flinn, and was entered as a credit on said Watson Flinn's note for the purchase-money, on which a credit for $890 was before entered. The parties testified as witnesses for themselves, and contradicted each other in several material matters. The bill of exceptions purports to set out all the evidence, but it is not necessary to state it, since the material facts are stated in the opinion of the court. The several charges given by the court at the instance of the plaintiff, and rulings of the court on the evidence, to which exceptions were reserved by the defendant, are here assigned as error.

TROY & TOMPKINS, for the appellant.—1. Conceding that the verbal contract for the sale of the land was void under the statute of frauds, and that the defendant had no legal title or estate in or to the lands, which he could convey to the plaintiff; yet he had a lien upon it for the unpaid purchase-money due from Watson Flinn, equal to the sum which, according to the plaintiff's testimony, she agreed to pay for it; and this is the interest which he proposed to sell, and which she agreed to buy, having full knowledge of all the facts. If she had paid the full amount, the payment would have discharged the lien, and she and her only child would have held the land by descent from her deceased husband— that is, she would have had dower and quarantine, and she and her child would have held the homestead jointly, while the fee would have been in the child. If there was any mistake as to these matters, on the part of the plaintiff, it was a mistake of law, against which even a court of equity would not relieve her. 'She may have been mistaken as to the legal effect of the payment, and supposed that the title would enure to herself; but this would not have affected the validity of the contract, nor her rights under it. The charge of the court was erroneous, in making her right of recovery

[Flinn v. Barber.]

depend upon her belief as to these matters when she made the payment.

2. It does not follow, because the contract is void under the statute of frauds, and either party may repudiate it, that money paid under it can be recovered back. If the vendor repudiates the contract, or becomes unable to carry it out, the purchaser may recover back the money he has paid under it, being himself in no default; but his right of recovery extends no further. That this is the result of all the authorities, both English and American, see Browne on Statute of Frauds, §§ 115, 122; *Coydon v. Perry*, 13 Gray, 3; *Collier v. Coates*, 17 Barbour, 47; *Rhodes v. Storrs*, 7 Ala. 346; *Cope v. Williams*, 4 Ala. 362.

3. If the plaintiff was entitled to recover at all, she could not recover interest, without proof of a demand, which was necessary to put the defendant in default.—Waite's Actions and Defenses, 142; *Ashurst v. Field*, 28 N. J. Eq. 315; *King v. Drihl*, 9 Serg. & R. 400, 422; Chitty on Contracts, 427; *Gasbell v. Archer*, 2 Ad. & El. 500; *Casson v. Roberts*, 32 L. J. C. 105; 2 Bos. & Pul. 472; *Walker v. Constable*, 1 Bos. & Pul. 306; *Ordway v. Calcord*, 14 Allen, 59; *Green v. Howell*, 35 Ala. 144.

4. Under the authorities above ciited, as to the plaintiff's right of action, the evidence excluded by the court was relevant and admissible.—9 S. & M. 207. It was, moreover, erroneous thus to curtail the right of cross-examination.

RICE & WILEY, *contra.*—1. A parol contract for the sale of lands is void under the statute of frauds, and the purchaser may maintain an action to recover back money paid under it; unless he has been let into possession under the contract, and retains the possession.—*Allen v. Booker*, 2 Stew. 21; *Cope v. Williams*, 4 Ala. 362; *Flinn v. Barber*, 59 Ala. 446. Either party to an illegal contract may rescind it, so long as it remains executory, and recover back money paid under it. *Thomas v. City of Richmond*, 12 Wallace, 355; *White v. Franklin*, 22 Pick. 184; *Morgan v. Groff*, 4 Barbour, 524; *Nellis v. Clark*, 4 Hill, 424; *Aubert v. Walsh*, 4 Taunt. 277; *Utica Ins. Co. v. Kip*, 8 Cowen, 20; *Vischer v. Yates*, 11 John. 25; *Lacansade v. White*, 7 T. R. 535; *Tassenden v. Randall*, 2 Bos. & P. 46; *Taylor v. Lendy*, 9 East, 49; *Smith v. Blackmore*, 4 Taunt. 474; *Hastelon v. Jackson*, 4 Barn. & Cr. 221; *Lowry v. Bourdien*, Doug. 54; *Taylor v. Bowers*, 34 L. T. Rep. (N. S.) 938; *Bone v. Eckless*, 1 Hurl. & Norm. Exch.; 2 Comyn on Contracts, 109. Whenever one person has in his hands money which belongs to another, and which he has no right in good conscience to retain, the law implies a

[Flinn v. Barber.]

promise to pay it.—*Hitchcock v. Lukens*, 8 Porter, 333 ; *Wilson v. Sargent*, 12 Ala 778 ; *Huckabee v. May*, 14 Ala. 263 ; *Graves v. Harwood*, 9 Barbour, 777.

2. The rulings of the court on the evidence were entirely correct. The proposed evidence had no possible connection with the issues in the case, and was not within the limits allowed on a cross-examination.

BRICKELL, C. J.—This action was brought by the appellee to recover one thousand dollars, money she had paid to the appellant, as part of the purchase-money of a tract of land ; and the instructions to the jury, given by the Circuit Court, to which exceptions were reserved, rest her right of recovery on two grounds : *first*, that the agreement of sale was verbal, and the plaintiff not having been under it let into possession by the defendant, it was void by the operation of the statute of frauds, and she had the right to recover the money paid ; *second*, that the defendant had not any title to, or estate in the lands, at the time of the sale.

Whether the transaction was or not a sale, or an agreement to sell the lands, or an undertaking by the plaintiff to pay a debt of her deceased husband, was a disputed question of fact. The jury have found that it was an agreement to sell. It was undisputed, that the transaction rested wholly in parol ; nor was it disputed, that the defendant had no title to, or estate in the premises, and that he had not, under the agreement, let the plaintiff into possession. The legal estate in the lands resided in the deceased husband of the plaintiff, who was occupying them at the time of his death. After his death, the plaintiff occupied the lands, and her possession was a continuation of that of her husband. It was uninterrupted, and was not subject to interruption by the defendant. He may have had the equitable lien of a vendor, for so much of the purchase-money of the lands as was owing by the deceased husband of the plaintiff. Such lien is a mere right, through the medium of a court of equity, to charge the lands. It is not a title to, or an estate in lands ; neither a *jus in re*, nor a *jus ad rem*. Until it was enforced by the decree of a court of equity, the appellee was entitled to dower in the lands, and to the possession, taking in her own right the rents and profits.—*Boynton v. Sawyer*, 35 Ala. 497.

Three of the instructions given to the jury declare, that the agreement to sell, being verbal, was in contravention of the statute of frauds, and void, and that, as a consequence, the plaintiff had the right to reclaim the money she had paid the defendant. These instructions were, doubtless,

[Flinn v. Barber.]

induced by an expression in the opinion of this court, when the cause was here at a former term. It was then said: "The purpose of the action is the recovery of money the plaintiff had paid on a contract for the purchase of lands. If the contract was verbal, as the evidence seems to indicate, and the plaintiff has not been under it let into possession, the right of recovery resulted from the statutory invalidity of the contract."—*Flinn v. Barber*, 59 Ala. 446. It is true, as is insisted by the counsel for the appellant, that the weight of authority, English and American, confines the right of a vendee of lands, who has entered into a verbal agreement of purchase, to recover money paid, or to reclaim any other consideration with which he has parted, to cases of the refusal, or the inability of the vendor, to complete the contract.—Browne Stat. Frauds, § 122; 2 Chit. Con. 928. That is not, however, the doctrine which this court adopted at an early day, and which has been uniformly recognized, whenever the question has been directly presented.—*Allen v. Booker*, 2 Stew. 21; *Keath v. Patton, Ib.* 38; *Cope v. Williams*, 4 Ala. 362; *Sims v. McEwen*, 27 Ala. 184; *Donaldson v. Waters*, 30 Ala. 175.

The agreement to sell, resting wholly in parol, and the vendee not having been under it let into possession, it is difficult to understand upon what principle the vendor can be permitted to retain the consideration he has received. At his election, the agreement is by all the authorities regarded as *voidable:* he may, if he will, repudiate it; and the vendee has no right to recover damages for its breach, or, in a court of equity, to compel its specific performance. *Kidder v. Hunt*, 1 Pick. 338; *Thompson v. Gould*, 20 Pick. 134; 1 Story's Eq. § 760. The vendee, if the agreement is voidable, not having received any benefits under it, should have the same right of repudiation, which it is admitted the vendor may exercise. If he has received possession of the vendor, and retains it undisturbed, under the statute of frauds, as it originally existed in this State, he acquired an equity to compel the vendor to a specific performance, and there was a substantial ground on which to hold him to the agreement. "Morality forbids the idea," said this court in *Cope v. Williams, supra*, "that one man should take possession of another's property under a contract, which, at most, is *merely void*, and, notwithstanding its continuous enjoyment, refuse to make for it any remuneration. Here, the seller does not seek to recover of the purchaser upon his contract for payment; but the action is by the buyer, and assumes the utter invalidity of the contract, and asserts a right to be refunded what has been paid under it, although the purchaser's pos-

session has never been molested, and the vendor has not refused to execute the contract. Such a demand is against equity and good conscience, and can not be entertained."

Agreements not in writing, offensive to the statute of frauds, were then made valid, in a court of equity, by part performance. The purchaser of lands, who had, as in the case cited, been let into possession under a verbal agreement by the vendor, and paid a material part of the purchase-money, had so far proceeded in its performance, as had the vendor who parted with the possession and received the money, that neither could, without a fraud on the other, refuse entire performance. Such part performance was of no avail in courts of law, and was no answer to a plea of the statute of frauds.—*Johnson v. Hanson*, 6 Ala. 351. The remedy to compel the entire performance was in equity; but the right was clear, and an equitable right is as sufficient consideration to support a contract, as is a legal right.—*Scott v. Bush*, 26 Mich. 418.

But, when there had been no such part performance, as rendered the agreement valid—when the vendor had an unqualified right to repudiate it—there is no contract, and no right upon which he can retain the money of the vendee. The mutual agreement of the parties is the foundation of every contract the law recognizes and enforces. Their minds must meet and come together, consenting to the same thing, at the same time. There must be a definite promise by the one, accepted by the other, and the promise and acceptance must coincide in point of time.—1 Chit. Con. 11; Bishop on Con. (chap. 14) §§ 174–184. If both have not agreed, there is mere negotiation, from which each has a correspondent right to withdraw. If the law requires the mutual assent to be expressed in writing, or that the assent of either must be so expressed, there can be no mutual agreement unless shown by the writing. However full and definite may, in such case, be the verbal agreement or arrangement, there is, in no just sense, a contract, for each party is not bound— the parties are not brought into binding relations, conferring mutual rights, and imposing mutual obligations. The subsequent willingness and ability of either to perform, can not convert the agreement into a contract, as to the other, who desires to withdraw or retract. If it could, the existence, or non-existence of the contract, would depend upon the mere will of the one party, and not on the concurrence of both. *Scott v. Bush, supra.* Yet, it is on the subsequent willingness and ability of the vendor to comply, that the authorities, in conflict with the former decisions of this court, deny the vendee the right, which it is admitted the vendor had, of

[Flinn v. Barber.]

withdrawing from the agreement, and reclaiming the consideration with which he had parted. If he was unwilling, or unable to perform on his part, the right of the vendee to reclaim the consideration was unquestioned. It is not at the will of one party, without the concurrence of the other in its exercise, to make or unmake contracts.

The former decisions of this court were pronounced when the statute of frauds of 1803 (Clay's Dig. 254, § 1) was of force, or relate to agreements which were governed by it. That statute, pursuing the words of the English statute of frauds, did not declare verbal agreements for the sale of lands, *void*. It simply declared, that no action could be supported on them. The construction of that statute was, that it did not render such agreements absolutely *void*, but merely *voidable*: that it applied to, and affected only, the evidence necessary to prove the contract—requiring written, where the common law was satisfied with parol evidence.— *Gillespie v. Battle*, 15 Ala. 276. The statute now, in express terms, declares such agreements *void*, unless in writing, expressing the consideration, and signed by the party to be charged, or by some person he has in writing authorized. Code of 1876, § 2121. Such agreements are not *void*, as immoral, or evil in themselves, but they are *void*, because offensive to the policy the statute establishes. Being *void*, they are nullities; and so long as merely executory, it is difficult to conceive of any purpose for which they can be used. The contract, unless the statute is violated, can not be enforced. It is *void*, and that which is *void*, by express statutory declaration, must be a nullity—must be without legal effect, incapable of conferring right, or imposing duty. *Scott v. Bush, supra.*

The remaining instructions assert, if the agreement was verbal, and the title and estate in and to the lands resided, not in the defendant, but in the deceased husband of the plaintiff, then the plaintiff was entitled to recover the money paid, with interest thereon from the day of payment. Whether the agreement was *verbal* or *written*, this was the right of the plaintiff, so long as the agreement was executory. In the absence of stipulations that a vendor sells only a partial interest, or such title or estate as he may have in particular lands, the presumption is, that the inducement to a vendee to buy is that he may acquire a good and indefeasible title. The right to such title does not spring from the express agreement of the parties; it is given by law, unless the agreement repels its existence.— *Cullom v. Br. Bank of Mobile*, 4 Ala. 28. In 1 Sugden on Vendors, 398 (marg. 339), the doctrine is thus stated: "A general agreement to sell a

[Flinn v. Barber.]

property means a sale in fee simple; and the court will not infer that a term of years only is sold, on account of the smallness of the price. Where a person sells an interest, and it appears that the interest which he pretended to sell was not the true one; as, for example, if it was a less number of years than he had contracted to sell, the purchaser may consider the contract at an end, and bring an action for money had and received, to recover any sum of money which he may have paid in part performance of the agreement for the sale." If this be the right of the purchaser, where the vendor has a title, but not the title he has contracted to sell, the right is not less, nor is it varied, when the vendor has no title or estate which is vendible and alienable. "The good sense and equity of the law on this subject," remarks Chancellor KENT, " is that, if the defect of title, whether of lands or chattels, be so great as to render the thing sold unfit for the use intended, and not within the inducement to purchase, the purchaser ought not to be held to the contract, but left at liberty to rescind it altogether."—2 Kent, 373.

When a vendee has a right to recover a deposit of a part or of the whole purchase-money, because of the inability of the vendor to make title, he can also recover interest from the time it was paid, without an express agreement.—2 Sug. Vendors, 272–79. In this State, "interest is but a just compensation for withholding the principal sum; and when the principal sum is ascertained to be due at a particular period, and remains unpaid, without a sufficient excuse for its non-payment, the interest follows as an incident."— *Whitworth v. Hart*, 22 Ala. 360.

There was no error in refusing to permit the defendant to inquire of the plaintiff, whether she had repaid, in whole or in part, the money advanced or loaned to her by her brother, and which was paid to the defendant. The money had been received by the defendant, in pursuance of his agreement with the plaintiff; and whether she had repaid her brother or not, did not lessen her right to it, nor subject the defendant to any liability to him. Nor was it at all material whether the plaintiff could have made the second, or any other payment of the purchase-money. There was no obligation resting on her to make them, and as the defendant could make her no title to the lands, he ought not to have received them. If the purpose of the examination was contradiction and impeachment of the plaintiff, it could not be directed to matters collateral or irrelevant to the issue.—*Blakey v. Blakey*, 33 Ala. 611; *Bivens v. Brown*, 37 Ala. 422.

The judgment of the Circuit Court must be affirmed.