# McMahan v. Jacoway.

*Action on a Promissory Note.*

1. *Statute of frauds; when no defense.*—Where in an action on a promissory note or due bill given in part payment of the purchase price of a leasehold interest in a storehouse, it is shown that the defendant, the maker of the note, was in possession of the premises at the time of his purchase and remained in possession thereafter and paid a part of the purchase price in cash, it is no defense to such action that the contract of sale did not specify the amount to be paid and there is nothing in the note sued on to show its consideration, in contravention of the statute of frauds.

2. *Landlord and tenant; landlord not responsible for damages after merger by reason of selling to tenant his entire interest.*—Where a tenant in possession of a storehouse under a lease for one year purchases the entire interest of his landlord in the leased premises, the relation of landlord and tenant under the rental contract is merged into that of vendor and vendee; and when at the time of the sale the condition of the premises was known to both parties, and there was no misrepresentation or deceit in any respect, and no agreement, as part of the consideration of the sale, that the roof of the store should be repaired by the vendor, the vendor is not liable for damages to the vendee for injury to the latter's goods, caused by the roof leaking after the sale and purchase; and this is true, although after the merger the erstwhile landlord stated that he would repair the roof.

APPEAL from the City Court of Bridgeport.

Tried before the Hon. WILLIAM L. STEPHENS.

This was an action brought by the appellee, H. J. Jacoway, against the appellant, W. J. McMahan; and counted on a promissory note or due bill. The facts of the case are sufficiently stated in the opinion. The cause was tried by the court without the intervention of a jury, and judgment was rendered for the plaintiff. The appeal is prosecuted by the defendant, who assigns as error this judgment of the trial court.

J. E. BROWN, for appellant.

MARTIN & BOULDIN, *contra.*—A portion of the purchase money for the purchase of the leasehold interest being paid, and the purchaser being put in possession of the premises, the contract is taken without the operation of the statute of frauds.

By the purchase by the tenant, while in possession under the sub-lease, of the leasehold interest of his landlord, there was a merger of the relation of landlord and tenant into that of vendor and vendee.—*Welsh v. Phillips,* 54 Ala. 309; *Dowdell v. Dew,* 1 Y. & C. 356 ; *Linn v. McLean,* 85 Ala. 250 ; 4 Kent. Com. 108, *et seq* ; *McLure v. Tennille,* 89 Ala. 572.

COLEMAN, J.—The suit was upon a promissory note, executed by McMahan to Joyner and transferred by Joyner to plaintiff, Jacoway. The case was tried by the court without the intervention of a jury. Joyner was in possession of and owned an unexpired leasehold interest in a certain storehouse, beginning prior to the year 1893 and continued through the year 1896. On the first of January, 1893, Joyner by parol agreement rented to McMahan the store-room for one year for $150. McMahan took possession of the store-room under his rental contract, and paid this rent.

On the first of April, while McMahan was in possession under his rental contract, Joyner sold to McMahan his leasehold interest for the years 1894, 1895 and 1896 for the consideration of $290. As evidence of this sale and purchase, Joyner signed the following instrument: ''For value received I have this day and date sold my lease on the R. & Mollie McClelland store-room in the town of

Stevenson, Alabama, to W. J. McMahan & Co. Said house being the same they now occupy. This transfer embraces the years 1894, 1895, & 1896, but does not affect the rent of the present year. This lease is recorded in the Probate Judge's office in Scottsboro, Alabama, in mortgage book 27, page 2. Stevenson, Ala. April 1st, 1893. A. P. Joyner." McMahan paid in cash on the purchase $100, and executed to Joyner one due bill payable in merchandise for $90, which was in part paid, and one due bill for $100, in the following words: "$100. Due P. Joyner on demand the sum of one hundred dollars for value received. April 1st, 1893. W. J. McMahan." This latter due bill was transferred to Jacoway, and is the foundation of the present suit. The defendant pleaded set-off and recoupment, claiming damages for injury done to defendant's goods which were in the store, by leaks in the roof of the store, which the plea avers plaintiff agreed to repair; and second, the statute of frauds.

The point in support of the plea of the statute of frauds is, that in the agreement signed by Joyner, the amount to be paid is not specified, and in the note, there is nothing to show the consideration. There is nothing in the plea of the statute of frauds. The defendant was in possession at the time of his purchase and remained in possession after his purchase. He has never been ousted so far as the record shows. The following decisions are conclusive of the question.—*Rhodes, Admr. v. Storr*, 7 Ala. 346; *Washington v. McRoberts, Ib.* 814; *Gillespie v. Battle*, 15 Ala. 276; *Donaldson v. Waters*, 35 Ala. 107; *Nelson v. Shelby Manufacturing & Imp. Co.*, 96 Ala. 516.

The damage done to the goods by reason of the leaks, occurred in May and June after the purchase of the leasehold interest from Joyner. We infer that at the time of the purchase of the lease, the defendant and purchaser knew that the roof was defective. There were no misrepresentations, fraud or deceit in any respect, perpetrated by Joyner in the rental contract or sale of the leasehold interest to McMahan, nor was there any agreement as a part of the consideration in the sale of the lease that Joyner would repair the roof of the store. We can not doubt under the evidence that McMahan received precisely what he bargained for, and valued the leasehold interest in the store according to its

then condition. By the purchase of the entire leasehold interest of Joyner, the relation of landlord and tenant under the rental contract for one year was merged into that of vendor and vendee. When the tenant acquires the entire interest of the landlord, there is a merger. No one can be landlord and tenant at the same time of the same estate. As between these parties, there was no need of and indeed there could not be a visible change of possession, under the second contract by which the greater interest was acquired. While the evidence shows very clearly that Joyner time and again stated that he would repair the roof, and did imperfectly repair it several times, the evidence fails to satisfy us that he intended or agreed to do so, as a part of his rental contract, or in the sale of the lease.

If by the terms of the rental contract for the year 1893, Joyner had bound himself, either expressly or impliedly, to put the roof in good repair and the goods had been damaged before the purchase of the lease from Joyner, in consequence of his neglect or failure to perform this duty, we are of opinion that he would be liable for the damage. But when the proof shows, as it does in this case, that the injury occurred in May and June, after the purchase of the entire leasehold interest of Joyner, and it was no part of his agreement to make such repairs, the plaintiff can not be held liable for the damages.

We are confirmed in our conclusion as to the understanding of the parties by the evidence which shows that the defendant frequently promised to pay the note, and at no time, so far as the record shows, prior to the bringing of this suit, claimed damages from Joyner on account of the defective roof.

We find no error in the record, and the judgment must be affirmed.