# Garner & Co. v. Ullman & Co.

*Attachment for Rent of Store-house.*

1. *Contract of rent for one year*—A contract for the rent of premises for the term of one year, to commence at a future day, is void under the statute of frauds (Code, § 1732), unless reduced to writing.
2. *Contract of rent by the month.*—A contract of renting by the

[Garner & Co. v. Ullman & Co.]

month is not presumed to be for the term of one year, but may be terminated by either party at the end of any month.

3. *Presumption in favor of judgment*—When a case is submitted to the decision of the court without a jury, and the bill of exceptions does not purport to set out all the evidence adduced, this court will presume that there was other evidence which justified the decision.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by A. Ullman & Co., suing as a partnership, against R. E. Garner & Co., a partnership composed of R. E. Garner and E. A. Doolittle; and was commenced by attachment sued out before a justice of the peace, on the 30th June, 1892, to recover the sum of $216.16, claimed to be due from the defendants to the plaintiffs for the rent of a store-house in Attalla for the year 1892. The defendants pleaded the general issue, the statute of frauds, payment, and tender; and issue was joined on these several pleas, a jury being waved, and the cause submitted to the decision of the court. The testimony adduced on the trial is thus stated in the bill of exceptions:

"J. A. Hughes, who was the owner of the premises at the time of the renting, testified that, during the month of December, 1891, he rented the store-house to defendants for the term of one year, from the 1st of January, 1892, at and for the rental of $400.00 per year, payable in monthly instalments of $33.33 per month; that defendants went into possession of the store, under said renting, on the 1st day of January, 1892, and paid witness the rent as agreed, up to the 15th of March, 1892, when witness sold the store to plaintiffs.

"A. Ullman, one of the vendees of the premises, testified, that on 15th March, 1892, plaintiffs purchased the store-house from J. A. Hughes; that on the same day witness went to the store-house, and called for defendant, R. E. Garner, who was not in; that witness told E. A. Doolittle, a member of the firm of R. E. Garner & Co., that plaintiffs had bought the store occupied by defendants, and told said Doolittle the terms of the contract, as set out above in Hughes' testimony, as he had been informed of it by Hughes, which Doolittle admitted to be correct, but suggested that henceforth he would prefer to pay the rent on the 15th, instead of the 1st of each month; that he would pay the rent to the 15th of March, to Hughes, and thereafter to witness, to which witness assented; that on the night of July 1, 1892, defendants vacated said store-house, and had their goods placed in cases for shipment, when he attached them for

rent; that Doolittle refused to pay rent to 15th July, but offered to pay to the 1st, when they vacated, which witness refused to accept; that witness received the keys to the house, by registered letter, two months after the house was vacated; that Hughes transferred his rental lease, as made with defendants, to the plaintiffs, on the 15th March, 1892, the day of their purchase from Hughes.

"R. E. Garner, one of defendants, testified, that on the 19th of December, 1891, he and E. A. Doolittle made a contract with J. A. Hughes for the rent of the store, the rent to begin and possession given on the 1st January, 1892; that the contract was verbal, and the renting by the month, payable on the end of each month, $33.33; that on the 30th June, 1892, they vacated the store, and moved out in the daytime; and that he never at any time, made any contract with Ullman.

"E. A. Doolittle testified, that he and his partner, Garner, on the 19th of December, 1891, made a contract with Hughes, for the rent of the store by the month; that the renting was to begin 1st January, 1892, rent payable at the end of each month; that on the 15th March, 1892, plaintiff, Ullman, came to the store, and said, 'I'm your landlord.' Witness replied, 'Is that so?' Ullman said 'Yes, I have bought this store from Mr. Hughes, and you may continue on the same as you have been doing'; to which witness replied, 'Very well'; that witness paid Hughes the rent to the 15th March, and then to Ullman to 15th June, and witness never made any contract with Ullman in regard to the renting; that according to his understanding, the contract of renting was for no specified length of time, and that defendants had the right to move out at any time; that defendants vacated the store on 30th June, 1892, in the day-time; that he saw Ullman, before the attachment was sued out, and tendered to him the rent due up to the time they vacated the store, and he refused to receive it; that witness also tendered to him the keys, which he refused to accept, and he afterwards, July 2, 1892, sent them to him by registered letter, and offered in evidence the receipt of the postmaster of that date for keys."

"Whereupon," as the bill of exceptions adds, "the court rendered judgment for the plaintiffs, for $215.50; to which judgment defendants excepted," and they here assign it as error.

CALDWELL & JOHNSTON, and JAS. D. GARNER, for appellants, cited *Jonas v. Field*, 83 Ala. 445; *Crommelin v. Thiess*, VOL. XCIX.

[The State v. Hartford Fire Insurance Co.]

31 Ala. 412; *Parker v. Hollis*, 50 Ala. 411; *Oliver v. Gold Life Ins. Co.*, 82 Ala. 417; *White v. Levy*, 93 Ala. 484; *Hammond v. Winchester*, 82 Ala. 470.

J. A. BILBRO, *contra*, cited *Southern Suspender Co. v. Van Borries*, 91 Ala. 509.

HARALSON, J.—Under the evidence set out in the bill of exceptions, alone, whether the account given of the rent contract by the plaintiffs, or that given by the defendants, be true, we might hold that the plaintiffs were not entitled to recover; for, according to the plaintiffs' evidence, the contract was void under the statute of frauds, in that it was not shown to be in writing, and to be performed within a year from the making thereof; and, according to defendants, it was a verbal renting, by the month, which might be terminated at the end of any month; and they had paid or tendered all they owed, up to the date of their leaving, and tendered the possession of the premises to the plaintiffs. *Crommelin v. Theiss*, 31 Ala. 412; *White v. Levy*, 93 Ala. 484.

But the bill of exceptions does not purport to set out all the evidence; and, under the uniform rulings of this court, we must presume there was other evidence introduced, not set out, which was sufficient to sustain the judgment of the City Court.—*Hood v. Pioneer M. & M. Co.*, 95 Ala. 461; 11 So. Rep. 10; *Hunt v. Johnson*, 96 Ala. 130; 11 So. Rep. 387.

Affirmed.