# Eubank *et al.* v. May & Thomas Hardware Co.

*Action of Assumpsit to recover Rent.*

1. *Statute of frauds; when parol contract of lease is not within the in-*

*fluence of the statute.*—Where, under a parol contract of lease for a term of four years, possession is delivered and monthly instalments of rent are paid and accepted, such contract does not fall within the influence of the statute of frauds (Code, § 1732, sub-div. 5), and is as binding upon the parties as if it had been in writing.

2. *Landlord and tenant; adoption of terms of a prior lease by reference merely.*—In the making of a contract of lease, the parties may adopt as a part thereof, by mere reference to them, the terms of a prior lease, which was then existing between one of them and a third party, if the terms of such former contract are mutually understood between them; and when thus adopted, such terms will be as binding as if fully set out in the latter contract.

3. *Same; same; action to recover rent.*—Where, in an action to recover rent of a store-house, the evidence shows that when defendant rented plaintiff's building, it was with the understanding that it was for a term of years to terminate at the same time as did the lease of an adjoining building, and that the defendant told the plaintiff if anything should happen to cause him to vacate the adjoining building it would be necessary to give up plaintiff's premises at the same time, the plaintiff's lease expired on the same date as did the prior lease, and if, without good reason to justify the abandonment and without the consent or fault of plaintiff, the defendant abandoned the premises, the plaintiff is entitled to recover the rent for the unexpired term.

4. *Pleading and practice; reservation of exceptions to ruling of circuit court of Jefferson county.*—Under the provisions of the act approved February 28. 1889 (Acts 1888-89, p. 797, § 7), relating to the practice and proceedings in civil cases in the circuit court of Jefferson county, it is a sufficient reservation of an exception to the rendition of judgment by the court, on the trial of a cause without the intervention of a jury, to state that "to the giving of this judgment the plaintiff then and there excepted."

Appeal from the Circuit Court of Jefferson.

Tried before the Hon. James J. Banks.

The appellants brought an action of assumpsit against the appellee corporation, to recover a month's rent, alleged to have been due by a parol contract. The facts of the case are sufficiently stated in the opinion.

The cause was tried without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the defendant. The plaintiffs appeal, and assign the rendition of this judgment as error.

London & Tillman, for appellants.—1. The evidence shows that the lease involved in this suit was to terminate at the time of the Drennen lease. The contract in

the present case, as well as the Drennen contract, was not within the influence of the statute of frauds.—Code of 1886, § 1732, subdiv. 5; *Shakespeare v. Alba*, 76 Ala. 351; *Dahm v. Barlow*, 93 Ala. 120; 2 Reed on Stat. of Frauds, §§ 555, 582, 808. The first sub-division of this section, the one year statute, has no application to contracts concerning lands.—*Grant v. Ramsey*, 7 Ohio St. 158; *Fall v. Hazelregg*, 15 Amer. Rep. 278.

2. It is shown by the evidence that the building rented from the plaintiffs was occupied by the plaintiffs as a place of business and even if the contract was made by one who was not authorized to make it, the defendant has acquiesced in it, and has authorized it, and is, therefore bound by it.—*Ala. & Tenn R. R. R. Co. v. Kidd*, 29 Ala. 221; *Indianapolis R. M. v. St. Louis &c. R. R. Co.*, 120 U. S. 256; *Kelsey v. Nat. Bank*, 69 Pa. St. 426; *Sherman v. Fitch*, 98 Mass. 59; *Hayden v. Wheeler*, 20 N. Y. Sup. 902; *Seal v. Puget Sound Co.*, 32 Pac. Rep. 214; *Bibb v. Hall*, 101 Ala. 79. The defendant having received and accepted the benefit of the contract. is estopped to deny the authority of Thomas to make the contract.—*M. & M. Railway Co. v. Gilmer*, 85 Ala. 422; 2 Hermann on Estop., § 1223.

WADE & VAUGHAN and ARNOLD & EVANS, *contra.*—1. If the testimony was equally balanced as to the terms of the contract, or if the evidence left it doubtful or uncertain as to whether appellants' version of the lease was true or not, appellants could not recover.—*McWilliams v. Phillips*, 71 Ala. 80; *Lehman v. McQueen*, 65 Ala. 570.

2. The case, as shown by the record, was tried by the judge under the statute, without a jury, and we submit that no sufficient exception was reserved by appellants, to the conclusion of the court, upon the evidence. The exception reserved was not to the conclusion of the court upon the evidence. A judgment may be rendered upon a conclusion of law, as well as upon conclusion of evidence. The exception reserved is general, and to the judgment alone. It does not meet the requirement of law in such case, or authorize this court to review the action of the court below.—Acts 1888-89, p. 797, § 7; *Hood v. Pioneer M. & M. Co.*, 95 Ala. 461.

3. The lease sued on was void under the statute of fraud. Under such lease appellee was liable to appel-

lants only for the time it used or occupied the premises. It being shown and not disputed that appellee did not use or occupy the premises during the time sued for and that appellants were paid in full, for the time appellee did use or occupy, appellants, for these reasons alone could not recover.—*Smith v. Pritchett*, 98 Ala. 649 ; 12 Amer. & Eng. Encyc. of Law, 757 and note, 978 and notes.

HARALSON, J.—1. If the plaintiffs made a parol contract with the defendant corporation by which they rented to the defendant their store-house for a term, commencing the 10th February, 1890, and ending the 1st of October, 1894, at $75 per month, and under this contract the defendant entered into possession and kept it until the 1st day of October, 1892, paying until that time the monthly instalments of rent, and then abandoned the possession and lease, of its own accord and without the consent or fault of the plaintiffs, the contract does not fall within the influence of the statute of frauds, and is as binding on the parties as if it had been in writing.—Code, § 1732, sub-div. 5 ; *Shakespeare v. Alba*, 76 Ala. 351 ; *Steadman v. Parrish*, 93 Ala. 465 ; *Dahm v. Barlow, Ib.* 120.

2. The terms of a contract already entered into between either of the parties to one proposed to be presently made and a third person, may be adopted by the parties by reference merely, if the terms of such former contract are well understood between them, and when thus adopted, will be as binding as if fully set out in the latter contract. And so, if Drennen leased his building to the defendant, for a term of five years, from the 1st day of October, 1889, to the 1st day of October, 1894, and the terms of this lease, as to its duration, were understood between the plaintiffs and the defendant, and plaintiffs afterwards leased their building to defendant for a term to commence on the 10th of February, 1890, and to expire when the Drennen lease expired, then their lease will be held to continue until the 1st of October, 1894, as well as if plaintiffs' contract, in so many words, had stipulated for its continuance until that date.

3. The evidence for the plaintiffs tended to show that they leased the building to the defendant for a term of

years, to expire at the same time as defendant's lease from Drennen of the adjoining building expired, which was on October 1st, 1894. It also tended to show, that under this agreement, defendant entered and paid the monthly instalments of rent until the 1st of October, 1892, when it abandoned the premises.

Mr. Drennen testified, that he leased his building to defendant on the 1st of October, 1889, for a period of five years, and that under the lease, defendant remained in possession for three years. Thomas, the president of the company, testified, as to the contract with Dr. Eubank, one of the plaintiffs, as follows : "I told him, that we would want the building for the same length of time we would want the Drennen building, and if anything should happen, that we should vacate the Drennen building, we would have to vacate his building, as it would not be of any further use to us. * * * * * We discussed the rental, and agreed on $75 a month." He further testified, that he told Eubank, that defendant had the Drennen building for five years from Oct. 1, 1889 ; and he also stated, that he was under the impression at the time, that the company had a written lease from Drennen, and did not know until a year afterwards that such was not the case. His testimony further shows, that he concluded to give up the Drennen building, when he discovered that the contract of lease was not in writing.

This witness's evidence, then, fairly interpreted, shows, that when defendant rented plaintiffs' building, it was with the understanding that it was for a term, to terminate at the same time with the Drennen lease, which he believed was then in writing, and which bound his company until the 1st of October, 1894, unless something should occur to release it sooner from the lease, and that he told Eubank, that if anything should happen causing the company to vacate the Drennen store it would give his up at the same time. From his own evidence, it was evidently not his understanding, at that time, that he could vacate Drennen's store, until the five years term expired, except for cause which would release him, for he says, he thought the matter was all settled, and he was bound in writing. He could not have had in mind, therefore, and did not intend to make the impression on Eubank, that he could give up Drennen's building at

any time he chose, without good reasons to justify the abandonment. He did not believe he could do it. He abandoned without the consent or fault of plaintiffs, and without Drennen's fault, so far as appears, and from motives of convenience or supposed profit to his company. The lease was verbal, but defendant, having taken possession and paid the monthly rentals for two years, is bound by it.

4. The court gave judgment for the defendant, "and to the giving of this judgment the plaintiffs then and there excepted." This was a sufficient reservation of exception under the act "To regulate the practice and proceedings in civil cases in the circuit court of Jefferson county," &c.—Acts 1888-89, p. 797, § 7.

The judgment of the court below is reversed, and one will be here rendered for the plaintiff for $75, with interest thereon from the 1st of November, 1892. Let the defendant pay the costs in the court below, and in this court.

Reversed and rendered.