[A. G. Rhodes Furniture Co. v. Weeden & Dent.]

# A. G. Rhodes Furniture Co. v. Weeden & Dent.

*Action for use and occupation.*

1. *Statute of frauds; part performance.*—Whether a parol lease be for more than one year, or for one year to begin at a future date, taking possession under the contract and part payment of the rent will render the agreement in all respects as valid as if it had been reduced to writing, and duly signed by the parties. (*Garner v. Ullman.* 99 Ala. 218 modified.)

2. *Landlord and tenant; holding over by tenant after expiration of term.*—Where a tenant for a year fails to vacate the premises at the expiration of the term, and holds over without making a new arrangement, the landlord has the election to treat the continued occupancy as a tenancy for another year on the same terms as were agreed on in the express contract for the previous term, and under this view, when the tenant becomes vested with the term, a recovery of rent for the entire term may be had, although the tenant quit the premises long before the term expired.

3. *General agent of corporation; secret instructions.*—Where a foreign corporation engaged in selling furniture places an agent in charge of a branch store in this State, and he is the only agent at such place, he has authority to rent a store for such business for a term of one year, and one contracting with him therefor, will not be bound by a secret instruction by the corporation to such agent, to rent the store by the month only.

4. *Examining witness; discretion of court.*—For the purpose of testing his recollection, the court may allow irrelevant questions to be asked a witness on his cross-examination, but the range allowed in this respect, lies in the discretion of the trial court, and the exercise of the discretion will not be reviewed.

APPEAL from Barbour Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

This action was brought by the appellees against the appellant, to recover for the use and occupation by it of a certain store house in the city of Eufula, for a term from September 1st, 1892, to September 1st, 1893. To the complainant. the defendant plead 1st, the general issue and 2nd, ' That the plaintiff sues for the rent of a storehouse in Eufula for a term from September 1st,

[A. G. Rhodes Furniture Co. v. Weeden & Dent.]

1892, to September 1st, 1893, by reason of alleged holding over by defendant. And defendant avers that the contract by which defendant went into possession of said house prior to September, 1892, was void under the statutes of frauds, being verbal and for longer term than one year, and said original contract being void defendant is only liable for the time it occupied said premises, and is not liable for the whole year after the termination of said void contract." To the second plea the plaintiffs demurred and their demurrers were sustained.

The evidence of the plaintiffs was to the effect that, in June, 1891, they entered into a verbal contract with the defendant, by which they leased to it the storehouse named in the complainant, for a term to begin on September 1st 1891, and to end on September 1st, 1892; that under such lease, the defendant took possession of the premises, and paid in monthly installments, the stipulated rent, up to September 1st, 1892. The defendant failed to surrender possession at the expiration of that term, but on September 28th, 1892, they moved out, and tendered possession to plaintiffs, who refused to accept it. and claimed the right to rent up to September 1st, 1893. The defendant denied this right, and vacated the premises.

For the defendant, the testimony of its agent tended to show that the contract of rental was made in June, and to begin in September, 1891, was for a monthly rental, and that by the terms of the contract, the defendant was to be liable for rent only for the time it actually occupied the premises. The agent also testified that he had instructions from his principal, to rent the store only by the month. Upon motion of the plaintiff, the testimony as to such instructions, was excluded from the jury.

Upon the cross-examination of Dent, one of the plaintiffs, he was asked the question whether or not, he was a large real estate owner in Eufula, and made many rental contracts, the attorney stating at the time, that the object of the question, was to test the recollection of the witness. The plaintiffs objected to the question, and the objection was sustained.

The court refused to give the following charges requested in writing by the defendant. (1.) If the jury believe the evidence, they must find for the defendant. (2.) That no holding over of real estate under a con-

tract void under the statute of frauds can bind the tenant for a longer time than he actually held the rented premises. (3.) If the jury believe the evidence, then the first contract between plaintiffs and defendant was void under the statutes of Alabama, and the holding over can not make the defendant liable except for the time it was in actual possession. (4.) If the jury believe from the evidence that the defendant rented the storehouse and lot from the plaintiffs in July or August, 1891, for one year from September 1st, 1891, and if the contract was not in writing, and if defendant did not go into possession until September 1st, 1891, then the jury must find for the plaintiffs the rental value, and the interest thereon, of said premises from the time after September 1st, 1892, that the premises were occupied by the defendant, and the plaintiff's damages or recovery must be limited to said sum and interest.

From a judgment for the plaintiffs, the defendant appealed.

A. H. MERRILL and H. D. CLAYTON, for appellant.

The original contract of renting was void under the statute of frauds, and created only a tenancy at will. *Garner v. Ullman*, 99 Ala. 218; *Commelin v. Theiss*, 31 Ala. 412; *White v. Leevy*, 93 Ala. 484; *Parker v. Hollis*, 50 Ala. 411; *Smith v. Prichett*, 98 Ala. 649; *Jonas v. Field*, 83 Ala. 445.

The court should have permitted the question asked Dent on cross examination. *Buist v. Guice*, 105 Ala. 518; 1 Gr. Ev. § 146.

One who deals with an agent is bound by the extent tent of his authority. *Cummings v. Beaumont*, 68 Ala. 204; *Herring v. Skaggs*, 62 Ala. 180; *Simon v. Johnson*, 101 Ala. 368.

G. L. COMER and S. H. DENT, JR., *contra*.

Possession and payment of part of the purchase money, took the contract out of the effect of the statute of frauds. *Eubank v. May & Thomas Hardware Co.*, 105 Ala. 629; *Shakespeare v. Alba*, 75 Ala. 351. The contract being executed, the statute was no defense. *Lagerfelt v. McKie*, 100 Ala. 430.

The testimony in regard to private instructions by the appellant to its agent, was properly excluded. *Singer*

[A. G. Rhodes Furniture Co. v. Weeden & Dent.]

*Mfg. Co. v. McLean*, 105 Ala. 316; *Wheeler v. McGuire*,
86 Ala. 398.

HEAD, J.—Whether a parol lease of land for the
term of one year to begin *in futuro* offends the *infra an-
num* clause of the statute of frauds, is a question upon
which the American courts are not agreed.—*McCroy v.
Toney*, 66 Miss. 233, 5 So. Rep. 392. More than thirty-
five years ago, this court held such a contract to be
within the operation of that clause of the statute, and
the decision has been subsequently followed as the
proper construction.—*Cromelin v. Theiss*, 31 Ala. 412;
*Parker's Admr. v. Hollis*, 50 Ala. 411; *Oliver v. Ala. Gold
Life Ins. Co.*, 82 Ala. 417; *White v. Levy*, 93 Ala. 484.
In none of the cases just cited, did it become necessary
to consider, whether part performance, by letting the
lessee into possession, and payment, or part payment, by
him of the rent reserved, took the contract without the
influence of the statute.—Code § 1732, sub-div. 5. This
exact question, however, was presented and decided in
*Martin v. Blanchett*, 77 Ala. 288, where it was ruled, upon
the authority of the leading case of *Shakespeare v. Alba*,
76 Ala. 351, that such part performance "operated to im-
part validity to an agreement otherwise void, because not
in writing an l signe l by the party sought to be charged."
To the same effect, is the recent case of *Eubank v. May
& Thomas Hardware Co.*, 105 Ala. 629. It must now,
therefore, be considered as definitely settled in this
State that whether the parol lease be for more than one
year, or for one year to begin at a future date, taking
possession under the contract and part payment of the
rent will render the agreement in all respects as valid as
if it had been reduced to writing, and duly signed by
the parties. The leases for one year, which by the terms
of subdivision 5 of section 1732 are excepted from the
statute, in any event, must, in view of subdivision 1,
and our uniform construction thereof, be confined and
limited to such as begin *in presenti* and extend one year
from the making thereof. So also, must it be held that
part performance in the manner stated in the conclud-
ing part of subdivision 5, will operate to save every pa-
rol lease of land, otherwise valid, from the vitiating ef-
fect of the statute, whether by its terms, the enjoyment
of the demised premises is to begin *in presenti* or *in futuro*,

and no matter whether the period of the lease be one year or twenty, the statutory limit.—Code. § 1836. This is the necessary result of our decisions upon this statute.

In *Garner v. Ullman*, 99 Ala. 218, the affirmance of the judgment of the lower court in favor of the plaintiffs was rested upon and required by the presumption, which appellate courts are accustomed to indulge, in favor of the judgments of subordinate tribunals, brought to them for review, since the trial was without jury, and the bill of exceptions did not purport to contain all the evidence. The statement in that case that the rental contract, according to the plaintiff's evidence, was void under the statute of frauds, was undoubtedly correct, if reference was made to the time of agreement; the court, however, in stating the effect of the plaintiff's version, overlooked the fact which also appeared, that there had been part performance by a taking possession and paying several months rent. To avoid any further misleading tendency of the case just cited, we will also say, that the opinion failed to take account of the rule as to notice, required to terminate a tenancy from month to month, recognized in *McDevitt v. Lambert*, 80 Ala. 536, as existing in this state, in stating that the defendants had the right, according to their version of the contract, which made the case of a renting by the month, for an indefinite period, to terminate the tenancy, at the end of any month, and to relieve themselves of further liability by paying all they owed up to that time. It is evident the court did not give that consideration to these questions it would have done, had their decision been necessary to determine the fate of the appeal, and hence the statements, to which we have referred, must be regarded as inadvertent *dicta*. It was not intended thereby to overrule the established line of authorities upon the questions to which we have referred. If the jury believed the evidence of the plaintiffs in this case, the rental contract was made in June, 1891, for a term of one year, to begin September 1st following; and, although void when made, complete validity was imparted to it when the defendant went into possession and paid the first month's rent. This established the defendant as the tenant of the plaintiffs, for the term of one year, as stipulated in the contract. At the end of the term it

became the duty of the tenant to vacate the premises. If it failed to do so, and held over without making a new arrangement, the landlord had the election to treat the continued occupancy as a tenancy for another year, on the same terms and conditions as were agreed in the express contract for the previous term.—*Robinson v. Holt*, 90 Ala. 115; *Wolfe v. Wolfe*, 69 Ala. 549. Under this view, when the tenant became vested with the term, a recovery of the rent for the entire term may be had, although it may appear that the tenant quitted the premises long before the term expired.—*Crommelin v. Theiss*, 31 Ala. 412. The court, therefore, properly declined to give the affirmative charge for the defendant. Charges 2, 3 and 4, requested by the defendant, were in conflict with the foregoing principles, and were all well refused. The developments of the trial show that defendant had full benefit under the general issue of the matter, set up by the special plea, and hence the sustaining of the demurrer to that plea could in no wise have done it injury. The defendant's own evidence shows that it went into possession under the contract of renting and paid the rent, monthly, for a year. This obviated any defense which could possibly have been made under the special plea.

The defendant was a corporation organized under the laws of Georgia, conducting a branch furniture store in Eufaula, with J. T. Smith in charge of the store as the only agent there. The rental of the storehouse, in which the business was to be conducted, was evidently within the apparent scope of his authority, as general agent having control and direction of the business. It is a matter of common knowledge that storehouses are not usually rented for a shorter period than a year, and a rental contract for that period was within the customary mode of conducting such business. We do not think the plaintiffs could be affected by secret instructions to the general agent of which they had no notice. The court committed no error in refusing to allow proof to be made that the general manager of the defendant company had directed its said agent at Eufaula to rent from the plaintiffs by the month only.—*Singer Mfg. Co. v. McLean*, 105 Ala. 316; *Wheeler v. McGuire*, 86 Ala. 398.

The question propounded to the witness Dent, on cross-examination, was confessedly not designed to elicit

[American Freehold Land Mortgage Co. v. Thornton *et al.*]

any fact relevant to the issues in the case, but only to test the accuracy of his recollection. Aside from other reasons that might be given to justify the ruling disallowing the question, it will be sufficient to say, that the range, which a cross-examination of this character may take, is left to the sound discretion of the trial court, with the exercise of which we do not interfere.—*Tobias v. Treist*, 103 Ala. 664; *Noblin v. State*, 100 Ala. 13.

There is no error in the record, and the judgment is affirmed.