# Merrell *v.* Witherby.

*Bill in Equity to enforce a Vendor's Lien.*

1. *Statute of frauds; parol sale of land.*—Where, under a parol sale of land, the purchaser pays a part of the purchase money and is put in actual possession of the premises, the contract is taken without the influence of the statute of frauds.

2. *Same; when promise to pay debt of another not within the statute.* A party may make a valid oral contract which operates to create a debt of his own, if founded on a new cousideration, though the effect of the payment of such debt is to pay the indebtedness of another; and such contract is without the statute of fraud if the essence of the new understanding or agreement is the payment of the promissor's own debt by paying the debt of the other.

3. *Same; applicable only to executory contracts.*—The statute of frauds requiring certain contracts to be reduced to writing, applies only to executory contracts; and where in a parol sale of land the purchaser pays a part of the purchase money and is put in the actual possession of the premises bought, and nothing remains to be done but the payment of the balance of the purchase money, the contract is executed and is, therefore, beyond the influence of the statute of frauds.

4. *Executions; can be issued in suit for enforcement of vendor's lien.* Under the statute providing for the issuance of executions in suits for the enforcement of equitable liens, (Code of 1896, § 859; Code of 1886, § 3605), an execution may issue for the balance remaining due complainant after the sale of property under a decree rendered in a suit for the enforcement of the vendor's lien.

5. *Sale of land; when agent alone can be bound.*—Where sale of land is made to one acting as the agent for a principal who is known to the vendor, and the vendor accepts the note of the agent in discharge of the obligation, without any agreement, verbal or written, between the seller or the agent and the principal, that the principal is to be bound for the note, there is an election upon the part of the vendor to release the principal from liability, and he can not, thereafter, hold the principal liable on the debt.

6. *Vendor's lien; when personal decree against principal when purchase made by agent authorized.*—Where in a bill filed to enforce

[Merrell v. Witherby.]

a vendor's lien, it is averred that the land was sold by com-
plainant to a certain named person as the agent of certain other
parties, that the conveyance was made to said agent whose note
was taken for the deferred payment, and there are no facts
averred or proved to show that there was any agreement, ex-
press or implied, between the principals and their agent or the
vendor that the principals would pay any of the purchase
money, there is not sufficient averred and shown to authorize a
personal decree against the principals.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. JAMES R. DOWDELL.

The bill in this case was filed by Walter E. Merrell,
as the assignee of a note from Green Merrell, given by
W. R. Carter to said Green Merrell, for the price in part
of lands described in the bill, alleged to have been sold
by Green Merrell to him, to enforce a vendor's lien in
favor of the complainant as assignee of said note, against
said Carter and the other defendants, Ed. T. Witherby,
Homer R. Stoughton and James B. Goodwin. Said
Green Merrell was made a party defendant, also, to the
bill.

The bill charges, that on the 11th day of March, 1890,
Green Merrell, in consideration of $8,000, sold to W. R.
Carter, as the agent of the defendants, Ed. T. Witherby,
H. R. Stoughton and J. B. Goodwin—who will be here-
after for convenience referred to as Witherby & Co.—
the land described in the bill ; that at the time of said
sale, Witherby & Co. paid for said lands, in cash, the
sum of $6,150.25, and for the balance of the purchase
money therefor, the said W. R. Carter executed his
promissory note for the sum of $1,849.75, of date March
11, 1890, the date of the sale ; that soon after the con-
veyance by said Green Merrell to said Carter, Carter
executed his deed to said lands to Witherby & Co., and
that thereafter, specifying the dates and amounts, said
Witherby & Co. paid on said note to said Green Merrell,
sums aggregating $849.75, which sums were credited on
said note, leaving a balance of $1,000 with interest due
thereon. It further charges, "that the purchase made
by W. R. Carter from Green Merrell was made for and
at the request of the said Ed. T. Witherby, Homer R.
Stoughton and James B. Goodwin, and by and with the
agreement between them, that the said W. R. Carter

should convey the land to them, the said purchase money being all paid by the said Witherby, Stoughton and Goodwin.''

The prayer of the bill was for a sale of the land for the amount due complainant as purchase money, with interest thereon, and if the land should not sell for an amount sufficient to pay the same then for a decree over for the balance due after applying the proceeds of the sale of said land to the indebtedness, and for general relief.

The chancellor, upon pleadings and proof, decreed a sale of the lands for the payment of the debt ascertained to be due. The land was sold by the register under this decree for the sum of $190, which sum was applied, first, to the costs of the case, and the balance to the debt, leaving a balance of $1,473.80 remaining due and unpaid on the debt, on the 17th of May, 1897.

Thereupon, the complainant petitioned the court for a moneyed judgment against each of the respondents for the said amount remaining due, as was prayed for in the original bill.

To this petition, the respondents filed answers and demurred, setting up the same plea of the statute of frauds that they had each interposed to the original bill, which was, in substance, that the alleged agreement for the purchase of said land, mentioned in the bill, was not in writing, nor was there any note or memorandum thereof, expressing the consideration in writing, subscribed by respondents, or any one of them thereunto, duly authorized in writing, and that said agreement was void under the statute of frauds.

The joint answer of Witherby and Stoughton to the bill substantially admits the foregoing allegations of the bill. They say, that they and J. B. Goodwin became desirous of purchasing land near the city of Shelby; that they selected the lands of Green Merrell mentioned in said bill of complaint, and that they, the three respondents, Goodwin, Witherby and Stoughton, procured, authorized and instructed respondent, W. R. Carter, to buy the same for them at the price of $8,699.50; that in pursuance of said instructions, said Carter did buy said land from said Merrell, agreeing to pay him $5,000 in

cash, and giving his promissory notes for the balance, on which payments were afterwards made by said Witherby & Co., leaving a balance of $1,000 due thereon as stated in the bill.

Goodwin answered, admitting that Carter purchased the land described in the bill from Green Merrell, at the time and on the terms therein stated, but denies that he agreed to be in any way personally liable for the purchase money, or any part thereof. He also admits the payment by himself and associates of the amount in cash, as averred; that Carter gave his own notes for the balance, and that the sum of $1,000 remains due thereon, all as stated in the bill; that said Carter executed his deed to Witherby & Co. to the lands mentioned in the bill, but denies that Carter executed said deed as respondent's agent. He also admits that Carter agreed to transfer the lands he purchased from said Merrell to respondent and associates, but denies that he was to be personally liable for the purchase money.

Carter filed his answer, in which he admits all the material allegations of the bill, but states that the cash payment was $5,000 instead of $6,150.25 as averred; that the amount agreed to be paid for the land was $8,699.50, instead of $8,000, as averred, and that instead of one there were two notes executed for $1,849.75, each to said Merrell by him; that he knew nothing as to how much money was paid on the note, nor by whom it was paid, and states that he acted as the agent of Witherby & Co. in making the purchase of the land, and had no further connection with the transaction after he executed his deed to them.

Green Merrell answered, admitting the material allegations of the bill to be true, and stating that Witherby & Co. made the cash payment of $5,000; that Carter gave the two notes for $1,849.50, payable as alleged, instead of one note, and that Witherby for the three partners or joint owners paid to him the first note in full about the time of its maturity, and the amounts alleged in the bill as having been paid by them, and credited on said last note.

Witherby, Stoughton, Carter and Green Merrill were examined by complainant. Witherby and Stoughton testified, sustaining fully the material allegations of the

bill, and in accordance with the facts stated in their re-
spective answers.

Carter testified : "I bought the land referred to, from
Green Merrell, for James B. Goodwin, Homer R. Stough-
ton and Edwin T. Witherby. It was bought in my
name, at the request of Goodwin, Stoughton and With-
erby, and the deed was made to me. Goodwin, Stough-
ton and Witherby, each, agreed to pay one-third of the
purchase money for the land. This agreement was made
in my presence. They made a cash payment of $5,000.
I gave my two promissory notes for the balance of the
purchase money as follows : one for $1,849.75, due and
payable on the 11th day of July, 1890, the other for the
same amount  *  *  *  due and payable on the 11th
day of November, 1890 ; Goodwin, Stoughton and With-
erby agreeing to take up said notes at maturity."

The transfer to and ownership of the note by the com-
plainant, and the credits on the same were fully proved.

Green Merrell testified for complainant, that he made
sale of the land in question "to W. R. Carter, as agent
for James B. Goodwin, Homer R. Stoughton and Ed.
T. Witherby for $8,699.50. W. R. Carter was to pay
me $5,000 in cash. This was paid me by Ed. T. With-
erby. W. R. Carter gave me two promissory notes for
$1,849.75 each, in payment of the balance, payable in
four and eight months. One of the notes was paid, and
all of the last note is paid except $1,000 with interest. I
executed deed to W. R. Carter." He also testified, that
the notes were given by Carter for the balance of the
purchase money, as agent of said parties, and that he
has been in possession of the land since he sold it, under
an agreement with Witherby, by which he was to have
the use of the land for the consideration of paying the
taxes on it, and under this agreement he paid the taxes
for the first year.

James B. Goodwin, examined in his own interest, tes-
tified, that he never, at any time, requested Carter to
purchase land for him, nor did Carter give any notes for
the purchase money in his name for him, Goodwin, nor
did he authorize Carter in his name, to purchase the
land in controversy in this suit.

The cause was again submitted on said petition and
answers and pleas of defendant thereto, and on the

[Merrell v. Witherby.]

pleadings and proofs taken in the cause, and a decree was rendered thereon, sustaining the defense of the statute of fraud, set up by said Witherby & Co. ; but it was further decreed that complainant was entitled to a personal judgment against the defendant Carter, and it was accordingly rendered against him for the ascertained balance with interest from the 17th May, 1897, the date of the sale of the land by the register, and his report of the same. This appeal is prosecuted from the last decree, refusing to render a personal judgment over against the defendants, Witherby, Stoughton and Goodwin, for the balance ascertained to be due on the purchase money for said land, after applying the proceeds of sale in payment thereof.

JAMES E. WEBB, for appellant.—1. The liability of the appellees and the right of Merrell to recover against them a money judgment for the balance of the purchase money is not defeated, by reason of the provisions of either of the sub-divisions of section 2152 of the Code of 1896.

The promise of Goodwin, whether express or implied, was not the promise to pay the debt of another ; not a promise to pay Carter's debt to Merrell, but was a promise to pay his own debt. Therefore, it was not obnoxious to subdivision three of section 2152.

Goodwin was only promising to pay that which was his own debt for the purchase money of the land, which he sent Carter out to buy, and the title to which Carter conveyed to him.—*Aultman & Co. v. Fletcher*, 110 Ala. 452 ; *North Ala. Dev. Co. v. Short*, 101 Ala. 333 ; *Young v. Hawkins*, 74 Ala. 370 ; *Coleman v. Hatcher*, 77 Ala. 217 ; *Ford v. Finney*, 35 Ga. 258 ; *Strong v. Kamm*, 13 Oregon 172 ; *Tuttle v. Armstead*, 53 Conn. 175.

Nor does the promise made by Goodwin fall within the prohibition of subdivision five of section 2152, because when Carter executed the deed to Goodwin, the transaction between him and Goodwin became, on Carter's part, *an executed contract*, fully executed on the part of Carter ; and the statute of frauds has no application to a contract which has been fully performed and executed by one of the parties to it.—*Rake v. Pope*, 7 Ala. 161 ; *Gordon v. Tweedy*, 71 Ala. 204 ; *Lavender v. Hall*, 60

Ala. 217; *Gafford v. Stearns*, 51 Ala. 444; Brown on Statute of Frauds, 116, 117; *Whipple v. Parker*, 29 Mich. 369; *McClellan v. Sandford*, 26 Wis. 609.

2. The pleadings concede, and the evidence fully shows, that W. R. Carter, in contracting for the purchase of the land from Merrell, acted, not for himself, but for Goodwin and others; that Carter never had nor claimed to have any interest whatever in the lands; and that when he executed his deed conveying the lands to Goodwin and associates, there was no other consideration in support of that deed except the obligation on the part of Goodwin and his associates to pay the purchase money which Carter owed Merrell, and for which he had given Merrell his note. Goodwin and his associates, holding that deed, it did not require an express promise on their part to Carter, to pay the money due to Merrell, and thereby relieve Carter from all liability in and about what he had done for them, for the law raises the promise, under those circumstances, on the part of Goodwin and associates to make the payment direct to Merrell.

Goodwin and associates became the principal debtors, and Carter's liability as between them, thenceforth, was that of a surety; and, as soon as the debt was due, Carter had a right to file his bill in equity, making Goodwin a party defendant, and Merrell also defendant and compel Goodwin to pay the debt to his exoneration.—Brandt on Suretyship, §§ 21, 192, 204; *Irick v. Black*, 17 N. J. L. 189; *Thomas v. St. Paul's M. E. Church*, 86 Ala. 141; *Pardee v. Treat*, 82 N. Y. 387; *Vrooman v. Turner*, 69 N. Y. 283; *Wood v. Smith*, 51 Iowa 156; *Crowell v. Currier*, 27 N. J. Eq. 152; *Calvo v. Davies*, 73 N. Y. 211; *Corbett v. Waterman*, 11 Iowa 86; *Moses v. Clark*, 12 Iowa 139; *Thompson v. Bertram*, 14 Iowa 476; *Halsey v. Reed*, 9 Paige Ch. 446; *Crawford v. Edwards*, 33 Mich. 354; 8 Amer. & Eng. Encyc. of Law, 5; 15 Amer. & Eng. Encyc. of Law, 837, 840, n. 1; 3 Pomeroy's Equity Jurisprudence, § 1207.

3. The appellant's right to a judgment over against Goodwin for the balance after deducting the proceeds arising from the sale of the lands, is not dependent solely upon the theory or proposition that Goodwin was an unknown principal of Carter, when Carter came to buy the

land, but rests upon higher and more equitable princi-
ples than such doctrine of unknown principal. "It
rests merely on the doctrine of courts of equity that a
creditor may have the benefit of all collateral obligations
for the payment of the debt, which a person standing in
the position of surety for others, as Carter did to Good-
win and associates, holds for his indemnity, and that he
may proceed directly against the persons ultimately lia-
ble in order to avoid circuity of action."—*Knapp v. Ins.
Co.*, 40 L. R. A. 861; *Pardee v. Treat*, 82 N. Y. 385;
*Vrooman v. Turner*, 69 N. Y. 283; *Crowell v. Currier*, 27
N. J. Eq. 152; *Wood v. Smith*, 51 Iowa 156.

Knox, Bowie & Dixon and Browne & Leeper, *contra.*
The facts in this case bring the sale of the land within
the influence of the statute of frauds. The rule in such
cases has been correctly stated as follows:

"In those cases wherein A. has promised B., for a
valuable consideration moving from B., to pay to C. a
debt owed to him by B., and in which it has been held
that C. could sue A. to recover the amount which he
promised B. to pay, it will be found that the agreement
or promise has shown a clear intent and purpose upon
the part of both A. and B. that A. should become the
debtor of C.; and the mere fact that C. might be bene-
fitted by the promise to B. has been held not to be suffi-
cient to constitute A. the debtor of C., or to authorize
the latter to sue him."—*Burton v. Larkin*, 13 Pac. Rep.
398. In the case at bar the original bill as amended
does not allege any promise or agreement on the part of
the respondent Goodwin, or for that matter, of any of
the respondents, to pay the debt which W. R. Carter
contracted with Green Merrell, the vendor, or to the com-
plainant as his assignee, for the purchase of the lands
described in the bill. Without regard then to what the
evidence might show with reference to any agreement
made by James B. Goodwin, Homer R. Stoughton or
Ed. T. Witherby, for the protection of W. R. Carter
unless such agreement be distinctly and affirmatively
charged in the bill it cannot avail the complainant.
*Floyd v. Ritter*, 56 Ala. 356; *Alexander v. Taylor*, Ib. 60;
*Meadors v. Askew*, Ib. 584; *Milhouse v. Weeden*, 57 Ala.
502; *Helmetag v. Frank*, 61 Ala. 67; *Gilmer v. Wallace*,

75 Ala. 220; *Hooper v. Strahan*, 71 Ala. 75; *Winter v. Merrick*, 69 Ala. 86; *Spence v. Duren*, 3 Ala. 251; *Cockerell v. Gurley*, 26 Ala. 405; *Duckworth v. Duckworth*, 35 Ala. 70; *Ridley v. Ennis*, 70 Ala. 463; *Richards v. Richards*, 98 Ala. 599.

Where a seller deals with an agent knowing him to be such, and knowing the principal, and accepts the note of the agent in discharge of the debt of the principal, this is a conclusive election to release the principal from liability, and the seller cannot thereafter hold the principal liable on the debt. And, as a branch of the same proposition, and indeed a corollary of it, it is equally settled that where a vendor has the right of election whether he will hold the principal or agent, he cannot hold both, and if he pursues the agent to judgment, knowing the principal at the time he obtains his judgment, he is estopped to enforce a cause of action against the principal, and he cannot pursue both principal and agent in the same suit.—*Paige v. Stone*, 10 Metc. 160, 43 Amer. Dec. 420; *Chapman v. Durant*, 10 Mass. 47; *Tudor v. Whiting*, 12 Id. 212; *French v. Price*, 24 Pick. 13; *James v. Bixby*, 11 Mass. 34; *Smith v. Plummer*, 34 Amer. Dec. 530; *Meeker v. Claghorn*, 44 N. Y. 349; *Coleman v. Bank*, 53 N. Y. 388; *Foster v. Persch*, 68 N. Y. 400; *Tuthill v. Wilson*, 90 N. Y. 423.

HARALSON, J.—It is manifest that, admitting all that is stated by defendant, J. B. Goodwin, to be true, the averments of the bill as admitted by the other respondents,—Witherby, Stoughton and Carter, in their respective answers, and as shown by them, when examined as witnesses to be substantially true,—may be also true. As corroborative of the truth of the real transaction as it was, and as it was intended to be, Witherby in his deposition proves and attaches several letters written by Goodwin to Stoughton, and to Witherby and Stoughton. In one, dated March 5, 1890 he says: "I note you have closed the trade with Merrell by paying him $25 down, and you are now having deeds and records examined. I would suggest that it would be best to have Merrell to deed property to Carter (I believe that is the name of the old gentleman that did the buying), and he

in turn to deed it to us, Carter also giving his notes to Merrell, so that we wont appear in the transaction at all. Have deed from Merrell to Carter recorded at Columbiana, but don't record deed from Carter to us, so that if we don't work deal with our Kansas friend, we will be in a position to work it otherwise, and not appear in transaction, as we could destroy deed from Carter to us, it not being on record, and Carter could then make deed to whomsoever we sold, under which agreement, we could work to better advantage.''

In another, dated July 21, 1890, to Witherby and Stoughton, he requests them to get Merrell to extend note, ''as it is not convenient for me to pay my part now;'' and in another, to Witherby, dated, October 22, 1890, he says, ''am sorry to say that I am not in a position at present to meet any part of the notes. I think you and the Col. (meaning Stoughton) ought not to object carrying my part for a while, anyway, as I loaned you and him the money to join with; and turn about is fair play.''

From all the evidence, it is too plain to admit of serious dispute, that this transaction of the purchase of this land was by Witherby and associates on the one side, as purchasers, and Green Merrell on the other, as vendor of the land; that they were the real parties to the transaction from beginning to end; that Carter was simply their agent, and that all he did was for them, on their account and in their interest. They paid all the purchase money that was paid, and it was well understood and agreed between them and Carter and Merrell, that they were to pay the balance. For purposes well intimated in the proofs, Carter was to be held out as the purchaser, while they were to remain in the background for whatever advantages might accrue to them from such a movement. They are bound on every principle of law and equity for the purchase money remaining due on the note sued on. They bought the property, paid a large part of the purchase money, and were put in possession of the land. If their contract of purchase was in parol, under such proof, it was unaffected by the statute of frauds.—*Parrish v. Steadham*, 102 Ala. 615; *McMahan v. Jacoway*, 105 Ala. 585, 587; *Eubank v. May & T. Hardware Co.*, 105 Ala. 629; *A. G. Rhodes F. Co. v. Weeden &*

[Merrell v. Witherby.]

*Dent*, 108 Ala. 252, 255. If the essence of the original understanding was, to create a debt of their own, founded as it was on a present valuable consideration, as is too plain for dispute, though the effect of the payment thereof is to pay the debt, also, of Carter, the transaction is relieved of the statute of frauds.—*Aultman v. Fletcher*, 110 Ala. 452 ; *Coleman v. Hatcher*, 77 Ala. 217 ; *Young v. Hawkins*, 74 Ala. 370, 373.

Moreover, the contract was executed. Nothing remained to be done on Witherby and associates' part, nor on the part of Merrell, the vendor, or of Carter standing in the place of the real purchasers, but for them to pay the balance of the purchase money as they had agreed to do. The statute of frauds has no application to executed, but to executory contracts.—*Lagerfelt v. McKee*, 100 Ala. 430 ; *Gafford v. Stearns*, 51 Ala. 444.

The statute, Code of 1886, section 3605 (Code of 1896, § 859), provides for the issuance of executions in all foreclosure suits and suits for the enforcement of equitable liens, of which character is a suit for the enforcement of vendor's lien.

From what has been said, it is manifest that the court erred in sustaining the defense set up by, and in not rendering a personal judgment against, the respondents.

The decree of the court below will be reversed, and this court proceeding to render the decree that the court below should have rendered, orders that judgment be here entered against each of the defendants, W. R. Carter, Edwin T. Witherby, Homer R. Stoughton, and James B. Goodwin, for the sum of $1,473.80, with interest from the 17th day of May, 1897, the date of the sale of said real estate by the register and his report thereof to the court below.

Reversed and rendered.

PER CURIAM.—After a careful examination of the original bill of complaint filed in this cause we have arrived at the conclusion that its averments are insufficient to authorize a personal decree against the defendants, Witherby, Stoughton and Goodwin. This view, which we now take of the case, was not presented upon the original hearing either by argument or by briefs of coun-

sel which were addressed to other questions then considered; and it is urged upon us for the first time in support of the application for rehearing.

From the authorities the rule is deducible that, when a sale is made to one who is acting in the purchase as agent for a principal who is known to the vendor, and only the personal obligation of the agent is taken for the price of the property sold, the *prima facie* presumption arises that the personal credit is given to the agent alone.—*Gates v. Brower*, 9 N. Y. 205; *Coleman v. First Nat. Bank of Elmira*, 53 N. Y. 388; *Taintor v. Prendergast*, 3 Hill, 72; *Tuthill v. Wilson*, 90 N. Y. 423; *Paige v. Stone*, 10 Metc. 160, and note to same case in 43 Am. Dec. 420.

The bill here states only enough to bring the case within that rule. It avers that the sale of land was made by Green Merrell, complainant's transferor, to W. R. Carter, as the agent of Ed T. Witherby, Homer R. Stoughton and James B. Goodwin, and that the conveyance was made by the vendor to Carter, and that Carter's note was taken for the deferred payment.

A theory is advanced in appellant's brief replying to the application for rehearing to effect that he is in equity subrogated to the rights of Carter as against Witherby, Stoughton and Goodwin to compel them to pay the debt for which Carter had bound himself in their behalf. The bill is not framed to obtain relief in that aspect. If such equity exists it could be enforced only upon averment of facts showing the nature of the obligation to Carter resting upon his principals. The status of the transaction between them is not shown by the bill otherwise than that Carter acted for his principals in the purchase with the understanding that he, after obtaining title, should convey the land to them, and "that said W. R. Carter executed his deed to said land to the said Ed T. Witherby, Homer R. Stoughton and James B. Goodwin, but the date of said deed and the consideration therefor are unknown to complainant." It is alleged that Witherby, Stoughton and Goodwin made the cash payment, but it is not alleged that they made any agreement, express or implied, with Carter or Green Merrell to make those or any remaining payments for the land.

The rule is, as stated in *Duckworth v. Duckworth's Admr.*, 35 Ala. 70, that "the bill should state the title or claim of the complainant with accuracy and clearness, and with such certainty that the defendant may be distinctly informed of the nature of the case which he is called upon to meet. If the facts essential to the right of the complainant are not clearly and unambiguously alleged, the defect will be fatal; for no facts are properly in issue, unless charged in the bill, and no proof can be made of, or relief granted for, facts not charged."

The petition for the personal decree referred to in appellant's brief does not, in fact, and could not, properly supply the averments necessary to bind the defendants, Witherby, Stoughton and Goodwin.

The petition for rehearing must be granted, and the decree appealed from will be here affirmed.