(76 South. 951)

KYLE v. GADSDEN HARDWARE & SUPPLY CO. (7 Div. 877.)

(Supreme Court of Alabama. Nov. 15, 1917.)

LANDLORD AND TENANT ⟨key⟩114(3)—SUBSTITUTION OF LESSEE—EFFECT.

Where before expiration of the term of the lease the lessee was put in the hands of a receiver who was in possession at the time the lease expired, and several days thereafter a new company was formed to take over the assets of the old which the receiver sold, there was a hiatus which prevented application of the rule

that where the lessee holds over under a written lease the landlord may treat the continued occupancy as a tenancy for another year, on the same terms and conditions as the lease.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

Action by R. B. Kyle against the Gadsden Hardware & Supply Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Motley & Motley, of Gadsden, for appellant. Dortch, Martin & Allen, of Gadsden, for appellee.

McCLELLAN, J. The plaintiff (appellant) stated his causes of action against the defendant (appellee) in three counts of his complaint; only two of which need be noted. The first claims rent of certain premises in Gadsden for the year beginning October 1, 1914, and ending September 30, 1915, "demised by the plaintiff to the defendant on the 1st day of October, 1914." The third count seeks the recovery of a like sum for the "use and occupation" of the same premises for the year defined in the first count. The court (without the intervention of a jury) decided the issues in favor of the defendant. A summary recital of the facts shown by the record will foreshadow the unescapable conclusion that the finding and judgment of the court below was correct.

On the 2d day of October, 1913, the plaintiff made a contract with the Gadsden Hardware Company (a different corporation from the defendant) for the rental of the premises in question for the year beginning October 1, 1913, and ending September 30, 1914. This tenant entered upon the premises under the lease. On August 1, 1914, pending the term, the stockholders filed a bill in the city court of Gadsden praying, among other things, the appointment of a receiver for the Gadsden Hardware Company, and, after proper administration of its assets, the dissolution of the corporation. On August 3, 1914, the court appointed a receiver for the corporation, and, on September 8, 1914, the receiver filed a partial report containing a list of properties coming into his possession as such receiver, including the stock of merchandise, etc., located in the building on the premises described in the lease. On September 8, 1914, pending the term of the lease above described, the city court rendered a decree affirming the right of the complainants to the relief desired, and directed a reference to the register for certain purposes and a sale of the property of the corporation and the administration of its assets. On October 6, 1914, after the term fixed in the lease had expired, the register made a report to the court, wherein it was recited that A. R. Forsyth, trustee for creditors, became the highest and best bidder for the whole of the property of the corporation, and hence the purchaser thereof. On October 7, 1914, this sale and purchase by Forsyth, trustee, was confirmed, with directions by the formal decree of the city court; the conditions of which were adjudged by the city court, on October 10, 1914, to have been complied with by the purchaser. Other steps in the judicial administration of the assets of the dissolved corporation are not necessary to be now stated.

It was admitted that the Gadsden Hardware & Supply Company, a corporation and the defendant in this suit, was organized on the 12th day of October, 1914. This corporation took over the stock, etc., in the building on the premises in question; presumably succeeding to the title thereto passing to the trustee who purchased at the sale aforesaid. This defendant paid to the plaintiff a rental of $80 per month up to and including November 30, 1914, when it vacated the premises. On October 20, 1914, the plaintiff wrote and had delivered a letter to "the Gadsden Hardware & Supply Co., *successors* to the Gadsden Hdw. Co., Gadsden, Ala." (italics supplied), in which the plaintiff advised this corporation and claimed that this succeeding corporation was liable as a tenant holding over under the lease between him and the Gadsden Hardware Company. The doctrine upon which the plaintiff relies and would have applied is familiar, viz. that if a tenant holds over after the expiration of the stipulated term, without making a new arrangement, the landlord may elect to treat the continued occupancy as a tenancy for another year, on the same terms and conditions as were provided in the express contract for the previous term. Rhodes Fur. Co. v. Weeden, 108 Ala. 252, 256–257, 19 South. 318. It was long since held, in legal effect, in the case of Crommelin v. Thiess, 31 Ala. 412, 70 Am. Dec. 499, that when the tenant becomes thus vested with the term he is liable for the rent for the entire term, notwithstanding he may subsequently quit the premises before the extended or new term has expired.

From the facts stated hereinabove the lessee, the Gadsden Hardware Company, did not hold over after the expiration of the original term; that corporation being dissolved and its affairs in the process of administration before, even, the expiration of the original term. The occupancy of the building at and for several days after the expiration of the original term was by the receiver, an agent of the court, and to his acts must be referred the circumstance that the properties in his custody remained in the building. Under these conditions, it is manifest that, at the very least, there was a hiatus between the date of the expiration of the original term on September 30, 1914, and the inception of the occupancy that is attributable to the new corporation (this defendant), which came into being on October 12, 1914, 12 days after the expiration of the original term. The property on the premises was bought by the trustee at the judicial

sale, and, according to the plaintiff's theory, served as the means of imputing to the defendant (the new corporation) the exercise of an occupancy, and the consequent benefit, of the premises in question. The essential quality of a continued occupancy inceptive upon the expiration of the original term is thus shown to be absent in this instance. There is no evidence that the defendant ever so engaged with the plaintiff, the court, or the receiver, as to substitute it for the dissolved corporation tenant of plaintiff under the terms of the original lease. It appears that the defendant paid the plaintiff all that was demandable of it for the use of the premises during the period it occupied the premises.

Under the evidence, the judgment was well conceived, and it must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.